Frank Anthony SKERO, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–92–00868–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 10, 1993.

Rehearing Denied Dec. 2, 1993.

Catherine Greene Burnett, Leora Teicher Kahn, Houston, for appellant.

Alan Curry, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

Appellant, Frank Anthony Skero, was arrested for the delivery of cocaine on March 8, 1989. After a bench trial, appellant was found guilty and sentenced to twenty-five years imprisonment and fined one hundred dollars. Appellant raises three points of error. Appellant contends: First, that his prosecution was barred by limitations; second, that he was denied effective assistance of counsel; and third, that he was entrapped as a matter of law. We overrule appellant's points of error and affirm the trial court.

In his first point of error, appellant maintains that his prosecution was barred by the statute of limitations. The offense that resulted in the appellant's conviction oc-

curred on March 8, 1989. Appellant was indicted on March 9, 1989. However, this indictment was dismissed on April 7, 1992, and appellant was reindicted on April 10, 1992. The second indictment did not contain language to toll the statute of limitations as required by article 12.05(b) of the Code of Criminal Procedure. *See* TEX.CODE CRIM. PROC.ANN. art. 12.05(b) (Vernon 1977). *Cf. Ex Parte Slavin*, 554 S.W.2d 691, 693 (Tex. Crim.App.1977) (permitting State to reindict under same penal statute as original indictment after limitations had run); *Vasquez v. State*, 557 S.W.2d 779, 783 n. 5 (Tex.Crim. App.1977) (requiring State to allege and prove factors tolling the statute of limitations, if not apparent on the face of the indictment). Appellant contends that the indictment, without the tolling language, was invalid because it was not filed within three years of the date of the offense. *See* TEX. CODE CRIM.PROC.ANN. art. 12.01(5) (Vernon Supp.1993). As the indictment was barred by the statute of limitations, appellant contends it did not qualify as an indictment and the trial court was without jurisdiction.

The State does not contest that the statute of limitations had run at the time the indictment was presented. However, the State claims that appellant waived his right to complain because he did not object before trial. The Code of Criminal Procedure provides that if a defendant does not object to a defect, either of form or substance, in an indictment prior to the trial on the merits commencing, he may not raise the issue on appeal. TEX.CODE CRIM.PROC.ANN. art. 1.14(b) (Vernon Supp.1993). The Court of Criminal Appeals recently held that article 1.14(b) prevents a defendant from complaining that an offense is barred by limitations for the first time on appeal. *State v. Yount*, 853 S.W.2d 6, 8 (Tex.Crim.App.1993). In addition, the court held jurisdiction is conferred upon the trial court by the presentment of the charging instrument, even if the charging instrument is flawed. *Id.* As appellant did not object to the indictment before trial, his first point of error is overruled.

■ Next appellant complains of ineffective assistance of counsel because his attorney failed to raise the limitations issue prior to the commencement of trial. Trial counsel first gave notice of a possible limitations bar to prosecution after the close of the defense's case when he tendered the original indictment as an exhibit, although he did not explain its significance at this time. Trial counsel first argued the limitations issue in closing argument to the judge. Appellant contends that trial counsel's deficient performance resulted in a conviction that would not have otherwise been possible.

■ An accused in a state felony prosecution is entitled to not merely the assistance of counsel, but rather to the reasonably effective assistance of counsel. *Narvaiz v. State*, 840 S.W.2d 415, 433 (Tex.Crim.App.1992). However, the defendant is not entitled to errorless counsel whose competency is judged by hindsight. *Miniel v. State*, 831 S.W.2d 310, 323 (Tex.Crim.App.1992). To succeed in a claim of ineffectiveness of counsel, the defendant must prove both that counsel's performance was deficient, and that her deficient performance prejudiced his defense. *Craig v. State*, 825 S.W.2d 128, 129 (Tex. Crim.App.1992). There is a strong presumption that counsel's conduct fell within the wide range of reasonable, professional assistance. *Miniel*, 831 S.W.2d at 323. The defendant must rebut this presumption by proving his attorney's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. *Id.*

We do not believe that trial counsel's assistance was ineffective. There was case law, at the time of trial, that approved raising the statute of limitations after the commencement of trial. *See State v. Yount*, 820 S.W.2d 252, 253 (Tex.App.—Beaumont 1991), *rev'd*, 853 S.W.2d 6 (Tex.Crim.App.1993); *State v. Edwards*, 808 S.W.2d 662, 664 (Tex.App.— Tyler 1991, no pet.). In addition, appellant had an incentive to not object prior to trial because if he had objected the State could have amended the indictment to include tolling language pursuant to articles 12.05(b) and 28.10 of Code of Criminal Procedure. *See* TEX.CODE CRIM.PROC.ANN. arts. 12.05(b), 28.10 (Vernon 1977 & 1989). Had the law not been clarified by *Yount*, the appellant could have preserved the limitations issue for

appeal by not objecting. *See Yount*, 853 S.W.2d at 8. Based on the totality of the representation at the time of trial, we do not believe that trial counsel's actions were unreasonable under prevailing professional norms. Appellant's second point of error is overruled.

 In his final point of error, appellant maintains that he was entrapped as a matter of law. Appellant claims that was lured into the drug deal by an informant. Supposedly, this informant, who was also on probation, repeatedly contacted him over a two month period in an attempt to persuade appellant to introduce him to a drug supplier. Appellant also claims that the informant represented that the mere introduction to the drug supplier was not illegal. Finally appellant claims, because he was under severe financial distress, he acquiesced in exchange for one thousand five hundred dollars.

The defense of entrapment is available where the criminal design originated in the mind of government officials or their agents and they induced a defendant to commit a crime that he would not otherwise commit. *Williams v. State*, 848 S.W.2d 777, 780 (Tex.App.—Houston [14th Dist.] 1993, no pet.). The issue is whether appellant was induced to engage in the alleged penal conduct through persuasion or other means likely to cause persons to commit the offense, or merely was afforded an opportunity to commit the offense. *Rodriquez v. State*, 662 S.W.2d 352, 355 (Tex.Crim.App.1984). When evidence on the issue of entrapment is controverted, the issue is decided by the jury. *Melton v. State*, 713 S.W.2d 107, 113 (Tex. Crim.App.1986). The trier of fact is free to reject the testimony supporting appellant's entrapment defense. *Id.*

In our case, appellant's and the State's version of the facts are very different. The State offered evidence that the appellant was very receptive to the idea of setting up a drug deal and was well versed in the specifics of conducting a drug transaction. In addition, appellant's conduct was far from a simple introduction to a drug source in that he actually offered to sell drugs to narcotics officers. He also claimed to be a member of the Texas Syndicate Crime Organization, which, supposedly, is a crime organization run by inmates in the Texas Department of Corrections. The trier of fact, after hearing all of the evidence, rejected the appellant's version of the facts. We believe the facts, as presented by the State, do not constitute entrapment as a matter of law. The appellant's third point of error is overruled.

The judgment of the trial court is affirmed.