The STATE of Texas, Appellant,

v.

Larance Elmo COLEMAN, Appellee.

The STATE of Texas, Appellant,

v.

Walter BRYS, Appellee.

Nos. 01–97–00211–CR, 01–97–00212–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 5, 1998.

Phillip Hilder, Houston, for Appellant.

John B. Holmes, Calvin Hartman, Houston, for Appellee.

Before SCHNEIDER, C.J., and NUCHIA and HEDGES, JJ.

**OPINION**

HEDGES, Justice.

The State appeals the dismissal of four counts of aggravated perjury against Larance Coleman in cause number 744935 and two counts of aggravated perjury against Walter Brys in cause number 744940. The trial court granted habeas corpus relief to the appellees on the grounds that based on TEX.CRIM. P.CODE ANN. §§ 12.03(d) and 12.02 (Vernon Supp.1998), the statute of limitations for aggravated perjury is two years. In its sole point of error, the State argues that the statute of limitations for aggravated perjury is three years.

Appellees were indicted for aggravated perjury for statements made in civil deposi-

---

tions taken in June 1993. The indictments against both appellees were returned on June 12, 1996. In appellees' applications for writ of habeas corpus, they acknowledged that aggravated perjury was a third degree felony under TEX. PEN.CODE ANN. § 37.03 (Vernon 1994). But for a statutory exception, aggravated perjury would fall within the three-year statute of limitations under TEX. CODE CRIM. P. ANN. art. 12.01(6) (Vernon Supp.1998). However, article 12.01 specifically states "[e]xcept as provided in Article 12.03," which provides that "any offense that bears the title 'aggravated' shall carry the same limitation period as the primary crime." Because the statute of limitations of the primary offense, misdemeanor perjury, is two years, the same limitation obtains for aggravated perjury, even though it is a felony. We agree.

Three recent cases dealing with the statute of limitations for aggravated perjury have held that the limitations period is two years. In *Ex parte Matthews*, the Court of Criminal Appeals stated, albeit in dicta, "[i]n the instant cause of *aggravated* perjury the period is *two* years, that being the same period as perjury. Article 12.03(d) (an offense titled "aggravated" carries the same limitation period as primary crime)." *Ex parte Matthews*, 933 S.W.2d 134, 136 (Tex.Crim.App. 1996) (emphasis in original). The San Antonio court of appeals held that the statute of limitations for aggravated perjury was two years, citing *Ex parte Matthews*. *Ex parte Zain*, 940 S.W.2d 253, 254 (Tex.App.—San Antonio 1997, no pet.). The Waco court of appeals echoed that holding in *Deckard v. State*, 953 S.W.2d 541, 544 (Tex.App.—Waco 1997, no pet.). We agree with these authorities that although the statute of limitations for the felony offense of aggravated perjury is inconsistent with that of most other felonies, nonetheless, article 12.03(d) unambiguously means what it says. We do not believe, as the State argues, that the result is absurd. *See Ex parte Matthews*, 933 S.W.2d at 138–139 (Baird, J., concurring).

We affirm the judgments of the trial court.