Dan Allen COMPTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–05–00350–CR.

Court of Appeals of Texas,
Tyler.

Aug. 31, 2006.

Donald F. Killingsworth, Tyler, for appellant.

Michael J. West, for state.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and BASS, Retired Justice, Twelfth Court of Appeals, TYLER, sitting by assignment.

## OPINION

BILL BASS, Justice.

A jury convicted Appellant Dan Allen Compton of the offense of aggravated per-jury, and the trial judge assessed his sentence at imprisonment for ten years and a $5,000 fine. In three issues, Appellant complains on appeal that his counsel was ineffective and that the trial court erred in failing to grant Appellant's motion for new trial. We reverse and remand.

### BACKGROUND

Both Appellant and his former wife appeared on August 29, 2002 at a hearing for a child protective order sought by his former wife. During the hearing, Appellant's wife testified that Appellant had threatened to kill her if she ever left him or cheated on him, that he whipped his young son with a belt, that although she suffered from Lupus, he had poured out all her medicine, and that he had taken her clothes from her because he considered them immodest. Appellant, in his testimony, categorically denied doing any of these things. Faced with totally conflicting testimony, the trial judge asked the parties if they would submit to a polygraph examination and if they did, he would be guided by the results. Both parties assented. Appellant went to the polygraph operator on September 5, 2002. Without taking a polygraph examination, he admitted to the examiner, Eric Holden, that his in-court answers to these questions had been untruthful, and that, in fact, he had done all the acts in question. Therefore, Holden determined that it was unnecessary to examine Appellant on the polygraph and reported Appellant's admissions to the judge hearing the application for protective order. The last hearing on the child protective order occurred November 12, 2002.

Appellant was first indicted in March 2004, the indictment containing one charge of aggravated perjury alleged to have occurred on August 29, 2002. This indictment was dismissed on September 8, 2004.

Appellant was reindicted on May 19, 2005. The new indictment alleged the original charge but also included three new allegations of aggravated perjury occurring on the same date, August 29, 2002, and in the same proceeding as the offense charged in the first indictment.

Five hundred fifty-three days passed between the date of the offense alleged and Appellant's indictment on the first charge. The first indictment was pending from March 4, 2004 through September 8, 2004, or 188 days. Appellant's new indictment alleging the original charge and three new charges of aggravated perjury was not returned until May 19, 2005, 253 days after the first indictment was dismissed. Excluding the time pending under the first indictment, 806 days elapsed between the date of the offense and the return of the second indictment or seventy-five days after the expiration of the two year limitation period.

The second indictment did not allege the pendency of the previous charging instrument or any other facts that would have tolled the running of limitations. Appellant's attorney did not move to dismiss or quash the indictment prior to the day of trial nor did he raise the limitation issue at the guilt-innocence stage of the proceedings.

At the hearing on Appellant's motion for new trial, Appellant's trial counsel testified that he had assumed the three year limitation period for all other felonies applied to aggravated perjury and that he was not aware until after sentencing that an indictment for aggravated perjury must be presented within two years and not afterward.

## Ineffective Assistance of Counsel

In his first and second issues, Appellant complains that his trial attorney was ineffective.

### Standard of Review

The standard for testing claims of ineffective assistance of counsel is set out in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted for Texas constitutional claims in *Hernandez v. State,* 726 S.W.2d 53, 56–57 (Tex.Crim.App.1986). To prevail on his claim of ineffective assistance, an appellant must show that his attorney's representation fell below the standard of prevailing professional norms, and that there is a reasonable probability that, but for the attorney's deficiency, the result of the trial would have been different. *Tong v. State,* 25 S.W.3d 707, 712 (Tex.Crim.App.2000).

Our review of counsel's representation is highly deferential; we indulge a strong presumption that counsel's conduct falls within a wide range of reasonable representation. *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065; *Tong,* 25 S.W.3d at 712. This court will not second guess through hindsight the strategy of counsel at trial, nor will the fact that another attorney might have pursued a different course support a finding of ineffectiveness. *Blott v. State,* 588 S.W.2d 588, 592 (Tex. Crim.App.1979). That another attorney, including appellant's counsel on appeal, might have pursued a different course of action does not necessarily indicate ineffective assistance. *Harner v. State,* 997 S.W.2d 695, 704 (Tex.App.-Texarkana 1999, no pet.). Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State,* 9 S.W.3d 808, 813 (Tex.Crim.App.1999).

In order to render reasonably effective assistance, an attorney must have firm command of the facts of the case and the governing law. *Ex parte Welborn,* 785 S.W.2d 391, 394 (Tex.Crim.App.1990); *Ex parte Lilly,* 656 S.W.2d 490, 493 (Tex.

Crim.App.1983). "It may not be argued that a given course of conduct was within the realm of trial strategy unless and until the trial attorney has conducted the necessary legal and factual investigation which would enable him to make an informed rational decision." *Welborn*, 785 S.W.2d at 393 (citing *Ex parte Duffy*, 607 S.W.2d 507, 526 (Tex.Crim.App.1980))

### *Applicable Law*

■ Perjury is a misdemeanor, TEX. PEN.CODE ANN. § 37.02 (Vernon 2003), with a limitation period of two years. TEX.CODE CRIM. PROC. ANN. art. 12.02 (Vernon 2005). A person commits aggravated perjury when he makes a material false statement during or in connection with an official proceeding. TEX. PEN.CODE ANN. § 37.03 (Vernon 2003). An indictment for the offense of aggravated perjury must also be presented within two years of the date of the offense. *Ex parte Tamez*, 4 S.W.3d 854, 856 (Tex.App.-Houston [1st Dist.] 1999), *aff'd*, 38 S.W.3d 159 (Tex.Crim.App. 2001); *State v. Coleman*, 962 S.W.2d 267, 268 (Tex.App.-Houston [1st Dist.] 1998, pet. ref'd); *Ex parte Matthews*, 933 S.W.2d 134, 136 (Tex.Crim.App.1996), *overruled on other grounds, Proctor v. State*, 967 S.W.2d 840, 844 (Tex.Crim.App. 1998); *see also* TEX.CODE CRIM. PROC. ANN. art. 12.03 (Vernon 2005) (unless excepted, any offense bearing the title "aggravated" carries same limitation period as primary crime).

■ The time during the pendency of an indictment, information, or complaint shall not be computed in the period of limitations. TEX.CODE CRIM. PROC. ANN. art. 12.05(b) (Vernon 2005). If one charging instrument has been superseded by another, the latter, if filed after the limitation period, must allege the pendency of the superseded charging instrument. *Cooper v. State*, 527 S.W.2d 563, 565 (Tex.Crim.

App.1975), *overruled on other grounds by Proctor*, 967 S.W.2d at 844.

■ Texas law permits the State to plead that the offense was committed "on or about" a specific date, but the State still must plead a date within the applicable limitations period. 40 GEORGE E. DIX & ROBERT O. DAWSON, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 3.56 (2d ed.2001). Only the face of the pleading is considered in determining whether relief is warranted when a statute of limitations claim is raised. *Tamez*, 38 S.W.3d at 161.

■ A crime is complete for limitation purposes when each of the elements of the crime has occurred. *Barnes v. State*, 824 S.W.2d 560, 562 (Tex.Crim.App.1991), *overruled on other grounds, Proctor*, 967 S.W.2d at 844. The *Barnes* court held that, although it was within the authority of the legislature to create an offense that is continuing in nature, an offense should not be considered a continuing one unless the language of the statute compels that conclusion or the nature of the crime is such that the legislature must have intended it be treated as continuing. *Barnes*, 824 S.W.2d at 562. In *Barnes*, the court adopted Justice Black's reasoning in *Toussie v. United States*, 397 U.S. 112, 115, 90 S.Ct. 858, 860, 25 L.Ed.2d 156 (1970).

> [T]he doctrine of continuing offenses should be applied in only limited circumstances .... such a result should not be reached unless the explicit language of the substantive criminal statute compels such a conclusion or the nature of the crime is such that congress must assuredly have intended that it be treated as a continuing one.

*Barnes*, 824 S.W.2d at 562.

■ Appellant urges that the indictment showed on its face that the offense was committed outside the two year limitation period applicable to aggravated perju-

ry. The State argues that the last hearing on the application for a child protective order occurred on November 12, 2002 and that Appellant testified at that hearing. Therefore, the State contends, the limitation period did not commence until that date. The indictment, however, alleges four instances in which Appellant gave perjured testimony on August 29, 2002. It alleges that he admitted to Eric Holden on September 5, 2002 that he had not told the truth regarding the four questions upon which the indictment is based. Aggravated perjury is not a continuing offense. There is no explicit language in the Penal Code provision denouncing aggravated perjury that compels the conclusion that the offense is a continuing one, nor is the offense of such a nature that the legislature must have intended that it be treated as continuing. *See Barnes*, 824 S.W.2d at 562. In determining the date of the commencement of the limitation period, we must consider only the face of indictment, *Tamez*, 38 S.W.3d at 160, and the indictment alleges the offense occurred on August 29, 2002.

An objection to an indictment that shows on its face that the offense was committed outside the limitation period must be made prior to the day of trial in order to preserve the complaint for appellate review. TEX.CODE CRIM. PROC. ANN. art. 1.14(b) (Vernon 2005); *State v. Turner*, 898 S.W.2d 303, 308 (Tex.Crim.App.1995), *overruled on other grounds by Proctor*, 967 S.W.2d at 844.

### Discussion

 We recognize that the Texas Court of Criminal Appeals has held that, under normal circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so defi-

cient and so lacking in tactical or strategic decision making as to overcome the presumption that counsel's conduct was reasonable and professional. *Mallett v. State*, 65 S.W.3d 59, 63 (Tex.Crim.App.2001). In addressing this reality, the court has explained that appellate courts can rarely decide the issue of ineffective assistance of counsel because the record almost never speaks to the strategic reasons trial counsel may have considered. *Aldrich v. State*, 104 S.W.3d 890, 896 (Tex.Crim.App.2003). This is because the trial record was not developed for the purpose of preserving or litigating this claim. *See, e.g., Freeman v. State*, 125 S.W.3d 505, 506 (Tex.Crim.App. 2003). The proper procedure for raising this claim is therefore almost always habeas corpus. *Aldrich*, 104 S.W.3d at 896. But that is not to say that a claim of ineffectiveness of counsel may never be raised on direct appeal. "There may be cases in which counsel's ineffectiveness is so apparent from the record that appellate counsel will consider it advisable to raise the issue on direct appeal." *Massaro v. United States*, 538 U.S. 500, 508, 123 S.Ct. 1690, 1696, 155 L.Ed.2d 714 (2003). The court went further, adding "[t]here may be instances, too, when obvious deficiencies in representation will be addressed by an appellate court *sua sponte.*"[1] Even a single error can render counsel's representation ineffective if sufficiently egregious and harmful to the defendant. *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986).

 The record in the instant case discloses an error of that magnitude: counsel's failure to timely move to quash an indictment which showed on its face that the limitation period for this offense had

---

1. In *Massaro,* the court held that failure to raise an ineffective assistance of counsel claim on direct appeal does not bar the claim

from being raised later in a proceeding under 28 U.S.C. § 2255.

expired. A motion to quash filed anytime during the two months preceding the day of trial would have been undeniably meritorious, and its grant would have barred Appellant's further prosecution. We need not attempt to imagine a tactic or strategy that might explain such an egregious omission. Appellant had twice asked counsel to move for dismissal on the ground of limitation. At the hearing on Appellant's motion for new trial, Appellant's counsel candidly conceded that he believed the three year statute for third degree felonies applied, and that he had so assured Appellant on the two occasions. He testified that he did not discover that the two year limitation period applied until after sentencing.

Counsel's error is understandable though not justifiable. Aggravated perjury trials and appeals are a relative rarity, judging from the small number of annotations to the pertinent Penal Code provision. Aggravated perjury is one of perhaps only two offenses whose limitation period is not governed by the three year residuary felony limitation period found in Texas Code of Criminal Procedure, article 12.03(d). 40 Dix & Dawson, *supra* § 3.29. A modest amount of research, however, would have disclosed an uncontradicted line of recent cases holding that aggravated perjury has a two year limitation period. *Tamez*, 4 S.W.3d at 856; *Tamez*, 38 S.W.3d at 161; *Coleman*, 962 S.W.2d at 268; *Matthews*, 933 S.W.2d at 136; *Ex parte Zain*, 940 S.W.2d 253, 254 (Tex.App.-San Antonio 1997, no writ).

In *Skero v. State*, 866 S.W.2d 336, 337–38 (Tex.App.-Houston [14th Dist.] 1993, pet. ref'd), Appellant contended that his trial counsel was ineffective, because he failed to raise the limitation issue before the day of trial as is necessary to preserve the complaint for appeal. *Id.* The court of appeals held that counsel was not ineffective for this reason, because there was case law at the time of trial that approved raising the issue after the start of trial. Counsel also had an incentive not to object before trial, because, if he had objected, the State could have amended the indictment to include language tolling the running of the statute. *Id.* at 338–39. By the time of trial in the instant case, the law was clear that the State must bring an indictment for aggravated perjury within two years. And in this case, the inclusion of tolling language would not have brought the charge within the limitations period.

In undertaking the defense of an accused, counsel has a duty to conduct a reasonably substantial and "independent examination of the facts, circumstances, pleadings and laws involved." *Strickland*, 466 U.S. at 680, 104 S.Ct. at 2061. Counsel has a duty to bring to bear such skill and knowledge as will render the trial a reliable adversarial testing process. *Id.*, 466 U.S. at 690, 104 S.Ct. at 2066. Without a firm command of the law governing the case, a lawyer cannot render effective assistance to the defendant. *See Lilly*, 656 S.W.2d at 493. In our view, the law governing the case includes the applicable statute of limitation. The failure to learn the appropriate limitation period and to timely urge its expiration is performance falling well below prevailing professional norms.

When counsel's failure to timely urge the expiration of the limitation period is considered with the totality of his representation, counsel's performance at trial does nothing to redeem his pretrial error. The trial was brief, and Appellant did not testify nor did counsel call any witnesses during either stage of the trial. Counsel's cross examination of the State's four wit-

nesses ranged from ineffectual[2] to absolutely harmful to the defense. In cross examining the State's key witness, Eric Holden, counsel intentionally elicited testimony that Holden was a polygraph operator and that Appellant had not taken a polygraph examination. These facts, until then, had been carefully kept from the jury by the trial judge. Once the door was opened, the State was allowed to show that Appellant had made his admissions when confronted with a polygraph. The State elicited additional testimony that Appellant admitted he had not only threatened once to kill his wife, but that he had threatened to kill her "not more than ten times," that he had threatened to kill her if she cheated on him, "and [he] meant it." He not only admitted that he had beaten his son with a belt, but that he had beaten the eight year old with a belt approximately thirty times. Other damaging testimony in the same vein followed during redirect examination. By the time for closing argument, there was apparently little to be said for Appellant, and his counsel took less than five minutes to say it.

We conclude that the performance of Appellant's counsel fell below an objective standard of reasonableness. Counsel's error was so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment. *See Strickland,* 466 U.S. at 688, 104 S.Ct. at 2064–65.

 The second part of the Strickland test requires that Appellant "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* In this case, prejudice to Appellant is undeniable, and more than adequate to satisfy the second part of the *Strickland* test. As a result of his counsel's failure to move to quash the indict-

ment, Appellant was subjected to a trial, conviction, and, although he was technically eligible for probation, a sentence of imprisonment for the maximum term allowed.

Appellant has satisfied both requirements of *Strickland.* Therefore, his first and second issues are sustained. Having sustained Appellant's first and second issues, we need not address his third issue. *See* TEX.R.APP. P. 47.1.

### DISPOSITION

The judgment of the trial court is *reversed* and the case *remanded* to the trial court.

2. The State raised eighteen objections during counsel's cross examination of the State's four witnesses, chiefly on relevancy grounds. The trial court sustained sixteen.