In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00492-CV
_____

IN RE COMMITMENT OF TERRY WAYNE COYLE

On Appeal from the 435th District Court
Montgomery County, Texas
Trial Cause No. 13-03-03277 CV

**MEMORANDUM OPINION**

Terry Wayne Coyle challenges his civil commitment as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2014) (the SVP statute). In one issue, Coyle complains that he received ineffective assistance of counsel because his retained trial counsel failed to plead and present evidence supporting a limitations defense.[1] We conclude that Coyle's issue does not present reversible error, and we affirm the trial court's judgment.

---

[1] Coyle withdrew another issue after he filed his brief.

Coyle asks this Court to apply the standard of review that applies in criminal cases to his claim of ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Under the *Strickland* standard the reviewing court indulges a strong presumption trial counsel's conduct "falls within the wide range of reasonable professional assistance[]" and that "the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also In re Commitment of Grunsfeld*, No. 09-09-00279-CV, 2011 WL 662923, at *8 (Tex. App.—Beaumont Feb. 24, 2011, pet. denied) (mem. op.) (addressing ineffective assistance of counsel claim in an appeal under the SVP statute). Coyle concedes that counsel's reasons for not pursuing an affirmative defense cannot be determined from the appellate record, but he contends that counsel's strategy is immaterial because a viable limitations defense is discernable based on the pleadings. *See Compton v. State*, 202 S.W.3d 416, 421-22 (Tex. App.—Tyler 2006, no pet.) (noting deficient performance by trial counsel in a criminal case was apparent from the record, where counsel failed to assert a limitations defense that was revealed on the face of the indictment); *but see Rodriguez v. State*, 336 S.W.3d 294, 303 (Tex. App.—San Antonio 2010, pet. ref'd) (holding appellant in a criminal case failed to establish deficient

2

performance where no record was developed concerning counsel's failure to request a jury charge on limitations).

Coyle argues that if his trial counsel had pleaded that the action was barred by limitations, the State's action for his involuntary civil commitment as a sexually violent predator would have been barred by operation of section 841.041(b)(1) of the Texas Health and Safety Code, which states in part that a petition for commitment must be "filed not later than the 90th day after the date the person is referred to the attorney representing the state[.]" Tex. Health & Safety Code Ann. § 841.041(b)(1). When the State filed its petition seeking civil commitment, it attached a copy of a letter from the Texas Department of Criminal Justice to the Chief Attorney for the Special Prosecution Unit, referring Coyle to the Special Prosecution Unit for commitment proceedings. The letter is dated December 13, 2012, and is stamped "RECEIVED JAN 03 2013 SPU-CIVIL." The State filed the petition for civil commitment on March 28, 2013, more than ninety days after the date of the letter but less than ninety days from the date of receipt that is stamped on the letter.

After Coyle filed his appeal brief, this Court decided *In re Commitment of Williams*, which held that "the interpretation of section 841.041 that best serves the intent of the SVP statute is that the State must file its petition alleging predator

3

status within ninety days of its receipt of the referral letter." *See* No. 09-14-00029-CV, 2014 WL 4363623, at *2 (Tex. App.—Beaumont Sept. 4, 2014, pet. denied) (mem. op.). In this case, the letter attached to the State's petition indicated that the Special Prosecution Unit filed the case within ninety days of the date on which it received the referral. Therefore, Coyle's argument that his trial counsel ignored a potential limitations defense is not firmly founded in the record. *See In re Commitment of Garcia*, No. 09-13-00235-CV, 2014 WL 5490938, at *2 (Tex. App.—Beaumont Oct. 30, 2014, pet. filed) (mem. op.).

Because resolving the issue is not necessary to our disposition of the appeal, we expressly reserve whether the Legislature intended that the ninety-day filing language of section 841.041(b)(1) operate as a statute of limitations. *See In re Commitment of Asbell*, No. 09-13-00153-CV, 2014 WL 4755482, at *1 n.1 (Tex. App.—Beaumont Sept. 25, 2014, no pet.) (mem. op.). Likewise, we do not consider the effect of section 841.1463 of the Texas Health and Safety Code upon the State's ability to file commitment proceedings more than ninety days after the date the person is referred to the Special Prosecution Unit. *See* Tex. Health & Safety Code Ann. § 841.1463 ("The periods within which notice must be given under this chapter are binding on all appropriate persons as provided by this chapter, but a failure to give notice within the relevant period is not a jurisdictional

4

error."). Furthermore, we assume but do not decide whether the right to challenge trial counsel's performance on appeal extends to a person who was represented by retained counsel rather than by appointed counsel in the civil commitment proceedings before the trial court. *See generally In re J.B.*, No. 07-14-00187-CV, 2014 WL 5799616, at *5 (Tex. App.—Amarillo Nov. 6, 2014, no pet.) (mem. op.) (finding the statutory right to appointed counsel for indigent parents embodies a right to effective assistance of counsel that does not apply when counsel has been retained). We overrule the sole issue presented in this appeal and we affirm the trial court's judgment.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on August 18, 2014
Opinion Delivered January 22, 2015

Before Kreger, Horton, and Johnson, JJ.

5