

# IN THE
# TENTH COURT OF APPEALS

## No. 10-23-00040-CR

**STEPHEN DEWAYNE WATKINS,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 19th District Court
### McLennan County, Texas
### Trial Court No. 2019-1041-C1

## MEMORANDUM OPINION

Stephen Dewayne Watkins waived his right to trial by jury and pleaded guilty to the offenses of assault family violence by occlusion with a prior conviction for assault family violence, a second-degree felony, and assault family violence with a prior conviction for assault family violence, a third-degree felony. *See generally* TEX. PENAL CODE ANN. § 22.01. The trial court received the pleas of guilty and assessed Watkins's punishment at twenty years and ten years, respectively, in the penitentiary. The trial

court sentenced Watkins accordingly and ordered the sentences to run concurrently. This appeal ensued.

## Background

In the original indictment filed on July 17, 2019, the State alleged that Watkins

> intentionally, knowingly, and recklessly cause[d] bodily injury to . . . the complainant, a person with whom the Defendant has or has had a dating relationship, . . . by intentionally, knowingly, and recklessly impeding the normal breathing or circulation of the blood of the complainant by applying pressure to the throat or neck of the complainant, and before the commission of the offense, the Defendant had previously been convicted of an offense under Chapter 22 of the Texas Penal Code, against a member of the Defendant's family.

The original indictment alleged that the date of the offense was on or about April 3, 2019.

On December 15, 2022, the State filed a superseding indictment alleging that, on or about April 3, 2019, Watkins

> intentionally, knowingly, and recklessly cause[d] bodily injury to . . . the complainant, a member of the Defendant's household or a person with whom the Defendant has or has had a dating relationship, . . . by intentionally, knowingly, and recklessly impeding the normal breathing or circulation of the blood of the complainant by applying pressure to the throat or neck of the complainant, and before the commission of the offense, the Defendant had previously been convicted of an offense under Chapter 22 of the Texas Penal Code, against a member of the Defendant's family.

The superseding indictment also alleged, in an additional count, that, on or about April 3, 2019, Watkins

> intentionally, knowingly, and recklessly cause[d] bodily injury to [the complainant], a member of the Defendant's household or a person with whom the Defendant has or has had a dating relationship, . . . by grabbing her throat and/or neck, and before the commission of the charged offense,

the Defendant had previously been convicted of an offense under Chapter 22 of the Texas Penal Code, against a member of the Defendant's family.

Trial counsel did not move to dismiss or quash either count of the superseding indictment. The case proceeded to trial, but after voir dire Watkins decided to plead guilty and waive a jury trial.

## Issue

In his sole issue, Watkins contends that his trial counsel was ineffective for failing to move to dismiss or quash the State's superseding indictment because there was no language in the superseding indictment tolling the statute of limitations for the charged offenses and because the superseding indictment alleged additional conduct not alleged in the original indictment.

AUTHORITY

To prevail on an ineffective-assistance-of-counsel claim, the two-pronged test established by *Strickland v. Washington* must be met. *Wiggins v. Smith*, 539 U.S. 510, 521, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)). Under *Strickland*, Watkins must prove by a preponderance of the evidence that (1) counsel's performance was deficient and (2) the defense was prejudiced by counsel's deficient performance. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064; *Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005). Absent both showings, an appellate court cannot conclude that the conviction resulted from a

breakdown in the adversarial process that renders the result unreliable. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

To establish deficiency under the first prong of *Strickland*, it must be proven by a preponderance of the evidence that defense counsel's representation objectively fell below the standard of professional norms. *Smith v. State*, 286 S.W.3d 333, 340 (Tex. Crim. App. 2009). To show prejudice, it must be shown that there is a reasonable probability that, but for defense counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A "reasonable probability" is a probability sufficient to undermine confidence in the outcome, meaning counsel's errors were so serious as to deprive the defendant of a fair trial with a reliable result. *Id.*

Our review of counsel's representation is highly deferential, and we will find ineffective assistance only if the strong presumption that defense counsel's conduct fell within the range of reasonable professional assistance is overcome. *See Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065; *see also Stafford v. State*, 813 S.W.2d 503, 508–09 (Tex. Crim. App. 1991). The right to "reasonably effective assistance of counsel" does not guarantee errorless counsel whose competency is judged by perfect hindsight. *Saylor v. State*, 660 S.W.2d 822, 824 (Tex. Crim. App. 1983) (per curiam). "Isolated instances in the record reflecting errors of commission or omission do not cause counsel to become ineffective, nor can ineffective assistance of counsel be established by isolating or separating out one

portion of the trial counsel's performance for examination." *Ex parte Welborn*, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990).

Trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective. *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). When the record is silent regarding the reasons for counsel's conduct, a finding that counsel was ineffective requires impermissible speculation by the appellate court. *See Gamble v. State*, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.). Therefore, absent specific explanations for counsel's decisions, a record on direct appeal will rarely contain sufficient information to evaluate or decide an ineffective-assistance-of-counsel claim. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). To warrant reversal without affording counsel an opportunity to explain his actions, "the challenged conduct must be 'so outrageous that no competent attorney would have engaged in it.'" *Roberts v. State*, 220 S.W.3d 521, 533–34 (Tex. Crim. App. 2007) (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)).

The Court of Criminal Appeals recently stated the following:

> The Code of Criminal Procedure requires an indictment to indicate, on its face, that the prosecution is not barred by the applicable statute of limitations. *Mercier v. State*, 322 S.W.3d 258, 263 (Tex. Crim. App. 2010); TEX. CODE CRIM. PROC. ANN. art. 21.02(6). However, the Code provides that "[t]he time during the pendency of an indictment, information, or complaint shall not be computed in the period of limitation." TEX. CODE CRIM. PROC. ANN. art. 12.05(b).

> Although Article 12.05(b) says "an indictment," in *Hernandez v. State*, we concluded that not just any indictment will toll the statute of limitations.

127 S.W.3d 768, 772 (Tex. Crim. App. 2004).  Otherwise, "a person could be continually indicted for any offense that the State felt inclined to charge once an initial indictment [is] filed."  *Id.*  This would defeat one of the purposes of a statute of limitations, which is to require the State to exercise due diligence in obtaining and presenting a formal accusation against a person.  *Id.*

Instead, we held that "a prior indictment tolls the statute of limitations . . . for a subsequent indictment when both indictments allege the same conduct, same act, or same transaction."  *Id.* at 774.  "A subsequent indictment is barred by the statute of limitations if it broadens or substantially amends the charges in the original indictment."  *Id.* at 773.

A number of factors led us to this conclusion, including the fundamental requirement that an indictment must give a defendant adequate notice to prepare a defense.  *Id.* at 772; *see also State v. Moff*, 154 S.W.3d 599, 603 (Tex. Crim. App. 2004).  Additionally, we noted that the United States Supreme Court recognized several purposes for a statute of limitations, one of which is to protect defendants from having to defend against charges that are brought when the basic facts have been obscured by the passage of time.  *Hernandez*, 127 S.W.3d at 772 (quoting *Toussie v. United States*, 397 U.S. 112, 114–15, 90 S.Ct. 858, 25 L.Ed.2d 156 (1970)).  To ensure that the defendant can preserve those facts that are essential to his defense, the defendant must be given adequate notice of a charge.  *Id.*  "Allowing the prior indictment to toll the statute of limitations would not defeat the purposes of the statute of limitations if the prior indictment gives adequate notice of the substance of the subsequent indictment."  *Id.*

*State v. West*, 632 S.W.3d 908, 910–11 (Tex. Crim. App. 2021) (footnote omitted).

DISCUSSION

It is undisputed here that a three-year limitations period applies to the offenses alleged in this case, that the superseding indictment was filed more than three years after the alleged offenses were committed, and that the superseding indictment did not contain tolling language.  *See* TEX. CODE CRIM. PROC. ANN. art. 12.01(9).  However, we cannot

conclude on this record that Watkins's trial counsel was ineffective for failing to move to dismiss or quash the State's superseding indictment.

As to count one, the language used in the superseding indictment tracked the language used in the original indictment, except to add language describing the complainant's relationship with Watkins as being a member of Watkins's household, in addition to alleging that Watkins and the complainant "ha[ve] or ha[ve] had a dating relationship." The original indictment and the superseding indictment alleged the same offense of causing bodily injury by applying pressure to the throat or neck of the same complainant. Additionally, count one in the original indictment and the superseding indictment required proof that Watkins committed assault family violence by occlusion and that Watkins had been convicted previously of assault family violence. Although the proof involved in identifying the relationship between Watkins and the complainant may have differed slightly, every other element required the same proof. Thus, we conclude that the original indictment gave adequate notice to Watkins to prepare a defense. *See West*, 632 S.W.3d at 911; *Childress v. State*, 285 S.W.3d 544, 552 (Tex. App.—Waco 2009, pet. ref'd) ("[T]he conduct that the actor needs notice of is the assault, not the status of the actor's relationship to the victim. It is not a crime to be in a dating relationship, and [the appellant]'s conduct would have been criminal had he poured the gasoline on a stranger."). And we cannot say that count one of the superseding indictment broadened or substantially amended the offense alleged in the original indictment such that count

one in the superseding indictment is barred by limitations. *See Hernandez*, 127 S.W.3d at 772.

Watkins further contends that the superseding indictment, filed on December 15, 2022, on its face was barred by limitations. Watkins cites *Ex parte Alvear* to support his contention. *See* 524 S.W.3d 261, 262 (Tex. App.—Waco 2016, no pet.). Watkins argues that a charging instrument that contains no tolling language and instead shows on its face that prosecution is absolutely barred by the statute of limitations is not reparable. However, in *Alvear* the issue of non-reparability of the charging instrument was only determined to be a required prerequisite before a defendant could seek relief from further prosecution via a pretrial writ of habeas corpus. *Id.* at 265.

Watkins also contends that *West* requires a finding that the lack of tolling language in the superseding indictment renders count one barred by limitations. We do not find *West* applicable here because the allegation in count one of the superseding indictment did not allege a separate and discrete offense from the original indictment or alternative manner and means for the commission of the charged offense.

We conclude that article 12.05(b) of the Texas Code of Criminal Procedure tolled the limitations period during the pendency of the prior indictment as to count one. *See* TEX. CODE CRIM. PROC. ANN. art. 12.05(b); *see also Hernandez*, 127 S.W.3d at 774. Thus, we cannot conclude that a motion to dismiss or quash would have been successful. Therefore, Watkins has not met his burden to demonstrate, by a preponderance of the

evidence, that his trial counsel was deficient with respect to count one, and we will not address the prejudice prong of *Strickland* as to count one.

Additionally, with regard to count two, we cannot conclude that Watkins has met his burden of showing that his trial counsel was ineffective. The record is completely silent as to his trial counsel's reason for not moving to dismiss or quash count two in the superseding indictment. Ordinarily, trial counsel must be afforded the opportunity to explain his actions before being denounced as ineffective. *See Rylander*, 101 S.W.3d at 111. Furthermore, when the record is silent regarding the reasons for counsel's conduct, a finding that counsel was ineffective requires impermissible speculation by the appellate court. *See Gamble*, 916 S.W.2d at 93. Thus, absent specific explanations for counsel's decisions, a record on direct appeal will rarely contain sufficient information to evaluate or decide an ineffective-assistance-of-counsel claim. *See Bone*, 77 S.W.3d at 833. And because the record on direct appeal is rarely sufficient to decide an ineffective-assistance-of-counsel claim, "an application for a writ of *habeas corpus* is the more appropriate vehicle to raise ineffective assistance of counsel claims." *Rylander*, 101 S.W.3d at 110.

Despite the silence of the record, Watkins asserts that trial counsel's failure to file a motion to dismiss or quash count two in the superseding indictment on limitations grounds was so outrageous that no competent attorney would have engaged in it. *See Roberts*, 220 S.W.3d at 533–34; *see also Goodspeed*, 187 S.W.3d at 392. Watkins cites *Compton v. State* to support his contention. *See* 202 S.W.3d 416, 421–22 (Tex. App.—Tyler 2006, no

pet.). However, *Compton* is distinguishable from the case before us because, unlike *Compton*, this case did not proceed to a jury trial. *See id.* at 418. After voir dire, Watkins elected not to contest the charges and to plead guilty to both counts. The plea papers in our record contain a "Waiver of Jury Trial and Other Rights, Acknowledgements and Plea" for each count. In the waiver documents, Watkins waived the following rights: (1) to be silent, (2) to have the proceedings recorded by a court reporter, (3) to have ten days to prepare for trial following the appointment of counsel, (4) to have a jury trial, (5) to confront and cross-examine witnesses against him, and (6) to have a pre-sentence investigation report. The waiver documents also reflect Watkins's guilty pleas to both counts, trial counsel's affirmation that Watkins was competent and fully understood the admonishments and consequences of his pleas, the trial court's conclusion that Watkins was competent and had been admonished and understood the consequences of his pleas, and the trial court's approval of the waivers. The waiver documents are silent as to any potential last-minute agreements that may or may not exist between the State and Watkins, which could explain trial counsel's actions.

In *Compton*, on the other hand, trial counsel's poor performance during trial served as evidence of counsel's error and the undeniable prejudice to Compton. *See id.* at 422–23. Here, given the absence of evidence regarding trial counsel's reason for not moving to dismiss or quash count two in the superseding indictment, we cannot conclude that

the record in this case demonstrates the ineffectiveness of trial counsel as clear as *Compton*.

Based on the foregoing, we cannot conclude on this record that Watkins's trial counsel was ineffective. Thus, we overrule Watkins's sole issue on appeal.

## Conclusion

We affirm the judgments of the trial court.

MATT JOHNSON
Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
(Chief Justice Gray concurs.)
Affirmed
Opinion delivered and filed November 30, 2023
Do not publish
[CR25]

