PD-0526-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/10/2015 9:10:02 PM
Accepted 12/11/2015 8:54:01 AM
ABEL ACOSTA
CLERK

IN THE COURT OF CRIMINAL APPEALS
OF THE STATE OF TEXAS

———————————————

**No. PD-0526-15**

———————————————

FILED IN
COURT OF CRIMINAL APPEALS

December 11, 2015

ABEL ACOSTA, CLERK

**THE STATE OF TEXAS,**
*Appellant*,

v.

**VICTOR MANUEL SCHUNIOR, JR.,**
*Appellee*

———————————————

APPEAL FROM WEBB COUNTY

Appeal No. 04-14-00347-CR
In the Fourth Court of Appeals

Trial Court No. 2013-CRM-000371-D1
In the 49th District Court of Webb County, Texas

———————————————

***BRIEF FOR APPELLEE***

———————————————

ROBERTO BALLI
SBN: 00795235
**BALLI LAW OFFICE**
P.O. Box 1058
Laredo, Texas 78042-1058
Tel: (956) 712-4999
Fax: (956) 724-5830

CLAUDIA V. BALLI
SBN: 24073773
**BALLI LAW OFFICE**
P.O. Box 1058
Laredo, Texas 78042-1058
Tel: (956) 712-4999
Fax: (956) 724-5830

Attorneys for Appellee

## IDENTITY OF PARTIES

Pusuant to the provisions of Rule 38.21(a), Texas Rules of Appellate Procedure, a complete list of names of all parties to this action and counsel are as follows:

**Appellant:**                The State of Texas

**Attorney for Appellant:** Isidro R. Alaniz
District Attorney, 49th Judicial District
By: David L. Reuthinger, Jr., Assistant District Attorney
Webb County Justice Center, 4th Floor
1110 Victoria St., Suite 401
Laredo, Texas 78040
(956) 523-4951
(956) 523-5070 (Fax)
dreuthinger@webbcountytx.gov

**Appellee:**              Victor Manuel Schunior, Jr.

**Attorney for Appellee:** Roberto Balli
BALLI LAW OFFICE
P.O. Box 1058
Laredo, Texas 78042-1058
Tel: (956) 712-4999
Fax: (956) 724-5830

Claudia V. Balli
BALLI LAW OFFICE
P.O. Box 1058
Laredo, Texas 78042-1058
Tel: (956) 712-4999
Fax: (956) 724-5830

# TABLE OF CONTENTS

IDENTITY OF PARTIES ................................................................................. ii

TABLE OF CONTENTS ............................................................................... iii

INDEX OF AUTHORITIES ............................................................................ v

STATEMENT OF THE CASE ........................................................................ 1

STATEMENT REGARDING ORAL ARGUMENT ...................................... 1

ISSUES PRESENTED .................................................................................... 1

As per Appellee:

    Whether the harmonious application of Articles 12.01, 12.02, and 12.03(d) of the Texas Code of Criminal Procedure yield a two-year statute of limitations for aggravated assault when its primary crime is misdemeanor assault.................................................................................. 2

As per the State:

    **1.** Is the limitations period for aggravated assault governed by Article 12.01(7) rather than Article 12.03(d) of the Code of Criminal Procedure.................................................................................. 1

    **2.** If the limitations period for aggravated assault is governed by Article 12.03(d) does the lesser-included offense with the greater limitations period control when the lesser-included offenses of aggravated assault include both misdemeanor and a felony?................ 1, 2

SUMMARY OF THE ARGUMENT ................................................................ 2

    Plain language construction of the statutes yields a two-year statute of limitations for aggravated assault.................................................................3

    In the event that the Court deems the statutory language ambiguous, a review of the legislative history establishes a two-year statute of limitations ...................................................................................................... 4

A two-year statute of limitations is not absurd, it is what the statute mandates ..................................................................................... 5

ARGUMENT AND AUTHORITY .......................................................... 6

**I.** Laying the Foundation .................................................................. 6
    **A.** Standard of Review .......................................................... 6
    **B.** The Purpose of the Statute of Limitations .................... 6
    **C.** Statutory Construction .................................................... 8

**II.** The Statute of Limitations for Aggravated Assault is Governed by the Interplay and Harmonious Reading of Articles 12.01 and 12.03(d) ................................................................................ 9
    **A.** The State's Argument that Article 12.01(7) Governs the Statue of Limitations for Aggravated Assault is Flawed .............. 9
    **B.** The Plain Language Analysis Conclusively Establishes that Articles 12.01 and 12.03(d) are Not Ambiguous ........................ 11
        **1.** The Tyler Court of Appeals and the San Antonio Court of Appeal Analyze the Plain Language of Articles 12.01 and 12.03(d) and Reached the Inevitable Conclusion that the Statutory Language is Not Ambiguous ................................................................. 16
        **2.** Appellee's Interpretation Considers Both, Article 12.01 and Article 12.03(d), Gives Full Effect to Every Word, and Concludes a Two-Year Statute of Limitations for Aggravated Assault With The Primary Crime of Misdemeanor Assault ........................... 21
    **C.** The Colyandro/Marin Presumption of Legislative Ratification is Not Applicable to *Dicta* ...................................... 22

**III.** The Statute of Limitations for Aggravated Assault is Governed by Article 12.03(d) and Thus Carries the Same Statute of Limitations as The Primary Crime. There is No Lesser-Included Offense Called On by Article 12.03(d) ...................................... 25
    **A.** Appellee Schunior is Not Advocating for All Aggravated Assaults to Have a Two-Year Statute of Limitations .................. 25
    **B.** The Primary Crime is Not the Same as The Lesser-Included Offense; The Statute of Limitations to be Assigned to Aggravated Assault is That of Its Primary Crime ........................ 26

**C.** The *In Pari Materia* Doctrine Yields a Two-Year Statute of Limitations for Aggravated Assault With a Misdemeanor Assault as The Primary Crime ....................... 33

**D.** A Two-Year Statute of Limitations is Mandated by the Statute and is Not Absurd ............................. 37

**E.** A Two-Year Statute of Limitations Protects the People and is Mandated by the Presumption That Statutes of Limitations Are to Be Construed in Favor of The Defendant ...... 37

**IV.** Texas Court of Criminal Appeals .......................................... 39
    **A.** Unsettled Law ................................................................. 39
        **1.** *State v. Bennett* ..................................................... 39
        **2.** *Ex parte Matthews* ............................................... 42
        **3.** *Ex parte Salas* ...................................................... 43
        **4.** *Hunter v. State* ..................................................... 43
        **5.** *Ex parte County* ................................................... 44

**V.** Courts of Appeals' Holdings Yield a Two-Year Statute of Limitations When Aggravated Assault Has A Misdemeanor Assault As The Primary Crime ......................... 45
    **A.** First Court of Appeals of Texas, Houston .................... 45
        **1.** *Ex parte Tamez* .................................................... 45
        **2.** *State v. Coleman* .................................................. 46
    **B.** Fourth Court of Appeals of Texas, San Antonio .......... 46
        **1.** *State v. Schunior* .................................................. 46
        **2.** *Ex parte Zain* ....................................................... 47
    **C.** Seventh Court of Appeals of Texas, Amarillo ............. 47
        1. *Moore v. State* ...................................................... 47
    **D.** Twelfth Court of Appeals of Texas, Tyler ................... 48
        **1.** *Fantich v. State* .................................................... 48
        **2.** *Compton v. State* .................................................. 48
**VI.** Conclusion ..................................................................... 48
**VII.** Prayer ......................................................................... 51

CERTIFICATE OF COMPLIANCE ........................................... 52

CERTIFICATE OF SERVICE .................................................... 52

# INDEX OF AUTHORITIES

**Statutes**

TEX. CODE CRIM. PROC. art. 12.01. ................................................................ *passim*

TEX. CODE CRIM. PROC. art. 12.01(2)(C). ................................................... 38

TEX. CODE CRIM. PROC. art. 12.01(3)(D). ................................................... 37

TEX. CODE CRIM. PROC. art. 12.01(3)(F). .................................................... 37

TEX. CODE CRIM. PROC. art. 12.01(4)(A). ................................... 31, 37, 38, 44

TEX. CODE CRIM. PROC. art. 12.01(4)(B). ..................................................... 30

TEX. CODE CRIM. PROC. art. 12.01(5)(B) ....................................................... 4

TEX. CODE CRIM. PROC. art. 12.01(7). ....................................... 12, 13, 21, 25, 35, 40

TEX. CODE CRIM. PROC. art. 12.02. ..................................................... 1, 2, 12, 13, 14

TEX. CODE CRIM. PROC. art. 12.03 .............................................................. *passim*

TEX. CODE CRIM. PROC. art. 12.03(a) ................................................... 31, 32, 33

TEX. CODE CRIM. PROC. art. 12.03(b) ............................................................ 28

TEX. CODE CRIM. PROC. art. 12.03(d) ......................................................... *passim*

TEX. CODE CRIM. PROC. art. 21.02(6) ............................................................. 7

TEX. CODE CRIM. PROC. art. 27.08(2) ............................................................. 7

TEX. CODE CRIM. PROC. art. 37.09. ......................................................... 30, 31

TEX. GOV'T CODE § 311.021 ................................................................... 18, 20

TEX. GOV'T CODE § 311.023 ................................................................... 19, 20

TEX. GOV'T CODE § 311.026(a). ............................................................ 33, 34, 35

TEX. GOV'T CODE § 311.026(b) ............................................................ 34, 35, 36

TEX. PENAL CODE § 20.03 ..................................................................... 37, 38

TEX. PENAL CODE § 20.04 ..................................................................... 37, 38

TEX. PENAL CODE § 22.01 ..................................................................... 27, 50

TEX. PENAL CODE § 22.01(b) and (b-1) ...................................................... 25

TEX. PENAL CODE § 22.02 ................................................................. 12, 27, 50

TEX. PENAL CODE § 22.04 ..................................................................... 30, 31

TEX. PENAL CODE ANN. § 29.02 ............................................................. 37, 38

TEX. PENAL CODE ANN. § 29.03 ....................................................... 30, 31, 37, 38

TEX. PENAL CODE § 30.02(a)(3). ............................................................ 29, 30

TEX. PENAL CODE § 32.21 .......................................................................... 38

TEX. PENAL CODE § 32.31 .......................................................................... 37

TEX. PENAL CODE § 32.32 .......................................................................... 37

**Cases**

*Arredondo v. State*, 406 S.W.3d 300 (Tex. App.—San Antonio 2013). ................ 13

*Bays v. State*, 396 S.W.3d 580 (Tex. Crim. App. 2013). ............ 9, 10, 11, 18, 19, 40

*Boykin v. State*, 818 S.W.2d 782 (Tex. Crim. App. 1991). .................... 6, 16, 18, 19

*Clinton v. State*, 354 S.W.3d 795 (Tex. Crim. App. 2011). ..................................... 6

*Compton v. State*, 202 S.W.3d 416 (Tex. App.—Tyler 2006, no pet.). ................. 48

*Cornet v. State*, 359 S.W.3d 217, 222 (Tex. Crim. App. 2012) .............................. 29

*Ex parte County*, 601 S.W.2d 357 (Tex. Crim. App. 1980). ........................ 2, 44, 45

*Ex parte Matthews*, 933 S.W.2d 134
(Tex. Crim. App. 1996) (en banc). ............................................................. *passim*

*Ex parte McIver*, 586 S.W.2d 851, 856
(Tex. Crim. App. [Panel Op.] 1979) ...................................................... 28, 29

*Ex parte Salas*, 724 S.W.2d 67 (Tex. Crim. App. 1987)
(en banc) ......................................................... 22, 39, 40, 43

*Ex parte Tamez*, 4 S.W.3d 854 (Tex. App.—Houston [1st Dist.] 1999),
*aff'd*, 38 S.W.3d 159 (Tex. Crim. App. 2001). .................................................. 45

*Ex parte Zain*, 940 S.W.2d 253
(Tex. App.—San Antonio 1997, no pet.). .................................................. 2, 47

*Fantich v. State*, 420 S.W.3d 287
(Tex. App.—Tyler 2013, no pet.). ........................................ 3, 17, 19, 20, 21, 48

*Gallardo v. State*, 768 S.W.2d 875 (Tex. App.—San Antonio 1989, pet. ref'd) ..... 7

*Getts v. State*, 155 S.W.3d 153, 158 (Tex. Crim. App. 2005) ........................... 9, 10

*Hunter v. State*, 576 S.W.2d 395 (Tex. Crim. App. 1979) ........................ 22, 39, 44

*Ibarra v. State*, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999) .............................. 26

*Jones v. State*, 396 S.W.3d 558 (Tex. Crim. App. 2013) ...................................... 34

*Krause v. State*, 405 S.W.3d 82 (Tex. Crim. App. 2013) ...................................... 6

*Mahaffey v. State*, 364 S.W.3d 908 (Tex. Crim. App. 2012) ............................... 10

*Mitchell v. State*, 137 S.W.3d 842 (Tex. App.—Houston [1st Dist.] 2004) ........... 29

*Mobil Oil. Corp. v. Higginbotham*, 436 U.S. 618, 625 (1978) ............................... 9

*Moore v. State*, No. 07-10-00369-CR, 2012 WL 3100904 (Tex. App.—Amarillo Jul. 21, 2012, no pet.) (mem. op., not designated for publication) ......................... 47

*Price v. State*, 434 S.W.3d 601 (Tex. Crim. App. 2014) ......................................... 9

*Proctor v. State*, 967 S.W.2d 840 (Tex. Crim. App. 1998). ............................... 7, 8

*Seals v. State*, 187 S.W.3d 417 (Tex. Crim. App. 2005). ......................................... 9

*Shipp v. State*, 331 S.W.3d 433 (Tex. Crim. App. 2011). ..................................... 10

*Smith v. State,* 789 S.W.2d 590 (Tex. Crim. App. 1990) ................................. 16, 17

*State v. Bennett*, 415 S.W.3d 867 (Tex. Crim. App. 2013) ........................ 39, 40, 44

*State v. Bennett*, 415 S.W.3d 867 (Tex. Crim. App. 2013) (Cochran, J. concurring) ...................................................................................... 36

*State v. Bennett*, 415 S.W.3d 867 (Tex. Crim. App. 2013) (Keller, P.J., concurring) ............................................................................. *passim*

*State v. Bennett*, 415 S.W.3d 867 (Tex. Crim. App. 2013) (Price, J. dissenting) ...................................................................................... 42

*State v. Coleman*, 962 S.W.2d 267 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd) ...................................................................................................... 46

*State v. Colyandro*, S.W.3d 870 (2007) ...................................................... 16, 22, 24

*State v. Schunior*, 467 S.W.3d 79 (Tex. App.—San Antonio 2015, pet. granted) ........................................... *passim*

*State v. Vasilas*, 187 S.W.3d 486 (Tex. Crim. App. 2006) .................... 8, 19, 36, 37

*Tita v. State*, 267 S.W.3d 33 (Tex. Crim. App. 2008) ............................................. 7

*Toussie v. United States*, 397 U.S. 112 (1970) ....................................................... 7

*United States v. Granderson*, 511 U.S. 39 (1994) (Kennedy, J., concurring). ......... 8

*United States v. Locke*, 471 U.S. 84 (1985) ................................................................ 8

*Vasquez v. State*, 557 S.W.2d 779 (Tex. Crim. App. 1977). .............................. 7, 29

**Treatises**

W. LaFave & J. Israel, Criminal Procedure § 18.5(a) (2nd ed.1992)................ 8

George E. Dix & John M. Schmolesky, 40 Tex. Prac. Criminal
    Practice and Procedure (3d ed. 2011)................................... 22, 23, 24, 35, 36

## STATEMENT OF THE CASE

This case is a State's appeal regarding the Fourth Court of Appeals' affirming the Trial Court's dismissal of Appellee Victor Manuel Schunior's four-count indictment for aggravated assault, felony charges, due to a violation of the statute of limitations applicable to said offense. *State v. Schunior*, 467 S.W.3d 79, 90 (Tex. App.—San Antonio 2015, pet. granted). The State filed a petition for discretionary review, which this Honorable Court granted. Appellee hereby presents to this Honorable Court this his brief responding to the State's arguments.

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument has been declined in this case.

## ISSUES PRESENTED

Appellee presents to the Court that there is one and only one issue before this Honorable Court, and that is whether the harmonious application of Articles 12.01, 12.02, and 12.03(d) of the Texas Code of Criminal Procedure establish a two-year statute of limitations for aggravated assault when its primary crime is misdemeanor assault.

However, Appellant presents this Court that there is two issues in this appeal:

1. Is the limitations period for aggravated assault governed by Article 12.01(7) rather than Article 12.03(d) of the Code of Criminal Procedure?

1

2. If the limitations period for aggravated assault is governed by Article 12.03(d) does the lesser-included offense with the greater limitations period control when the lesser-included offenses of the aggravated assault include both misdemeanor and a felony?

Appellee addresses the issues below.

## SUMMARY OF THE ARGUMENT

Appellee Schunior respectfully submits to this Court that the applicable statute of limitations for aggravated assault is two years, pursuant to Texas Code of Criminal Procedure Articles 12.01, 12.02, and 12.03(d), when its primary crime is a misdemeanor assault. There is case law, both dicta and holdings, from different courts of appeals and from this Honorable Court. *See, e.g., Ex parte County*, 601 S.W.2d 357, 357 (Tex. Crim. App. 1980) (holding that the statute of limitations for aggravated robbery is five years based on it primary crime, robbery; this is pursuant to Article 12.03(d)); *Schunior*, 467 S.W.3d at 90; *Ex parte Zain*, 940 S.W.2d 253, 152–54 (Tex. App.—San Antonio 1997, no pet.) (holding that the felony offense of aggravated perjury has a two-year statute of limitations by virtue of applying art. 12.03(d) of the Texas Code of Criminal Procedure because its primary crime is misdemeanor perjury with a two-year statute of limitations); *Ex parte Matthews*, 933 S.W.2d 134, 136 (Tex. Crim. App. 1996) (en banc) (stating, *in dicta*, that based on articles 12.01, 12.02, and 12.03, aggravated perjury has a

2

two-year statute of limitations due to article 12.03(d) specifying that "an offense titled 'aggravated' carries the same period as primary crime); *Fantich v. State*, 420 S.W.3d 287, 293 (Tex. App.—Tyler 2013, no pet.) (holding that a two-year statute of limitations applies to aggravated assault because it's primary crime is misdemeanor assault and stating that a two-year statute of limitations "for an aggravated offense with a misdemeanor as its primary crime does not cause an absurd result".)

This Court and every Court of Appeals in Texas that has addressed the issue of the statute of limitations of an aggravated offense, has held that Article 12.03(d) controls in determining the statute of limitations of an aggravated offense that is not listed in the comprehensive list of Article 12.01.

***Plain language construction of the statutes yields a two-year statute of limitations for aggravated assault***

The catch-all felony provision of Article 12.01(7) of the Texas Code of Criminal Procedure imposes a three-year statute of limitations on all felonies that are not explicitly enumerated on article 12.01 *and* not otherwise provided for in article 12.03 of the Texas Criminal Code. The plain language of article 12.01 specifically gives deference to article 12.03. Therefore, by virtue of applying the plain language of both statutes, article 12.03 trumps Article 12.01. Article 12.01 states that the statutes of limitations imposed pursuant to Article 12.01 are

applicable only if article 12.03 does not provide a statute of limitations. Consequently, because article 12.03(d) imposes a statute of limitations for aggravated offenses *and* aggravated assault is *not* an enumerated offense anywhere in Chapter 12, specifically article 12.01 dealing with felonies, the applicable statute of limitations for aggravated assault is the statute of limitations of its primary crime. In the present case, aggravated assault has a two-year statute of limitations because its primary crime is a misdemeanor assault. The statutory language is plain and unambiguous: The statute of limitations for aggravated assault is two years when its primary crime is a misdemeanor assault.

***In the event that the Court deems the statutory language ambiguous, a review of legislative history establishes a two-year statute of limitations***

The application of articles 12.01 and 12.03(d) is not ambiguous. These articles are harmoniously applied and these mandate a two-year statute of limitations when an aggravated offense that is not enumerated in 12.01 has a misdemeanor primary crime. Nonetheless, where the Court deems the statutes to be ambiguous, legislative history and legislative intent dictate a two year statute of limitations in such scenario.

Article 12.03(d) was last amended in 1997. The legislature has since then amended article 12.01 and added another aggravated offense to the enumerated list in 12.01, aggravated kidnapping. TEX. CODE CRIM. PROC. art. 12.01(5)(B); *State v.*

4

*Bennett*, 415 S.W.3d 867, 876 (Tex. Crim. App. 2013) (Keller, P.J., concurring). However, the legislature has not done so with aggravated assault. Had the legislature intended a different result than a two-year statute of limitations for aggravated offenses, including aggravated assault with a misdemeanor primary crime, the legislature would have specified so. Further, had the legislature intended aggravated assault not be included in 12.03(d), the legislature would have specifically excluded it, or enumerated it in article 12.01 just like it has specifically enumerated other aggravated offenses.

Thus, in addition to plain meaning text, legislative history and legislative intent also mandate a two-year statute of limitations for any aggravated offense that is not enumerated in article 12.01 and that has a misdemeanor offense as its primary crime.

### *A two-year statute of limitations is not absurd; it is what the statute mandates*

The State contends that giving full effect to the statute as enacted by the legislature leads to an absurd result because aggravated assault is a violent crime. This argument is baseless and inaccurate. There are ample examples where the Texas Code of Criminal Procedure imposes shorter statutes of limitations for an offense than for its lesser-included offense. Further, there are ample examples of violent offenses with shorter statutes of limitations than the limitations period for non-violent offenses.

Therefore, there is nothing absurd nor unprecedented to applying the statutory language as written. The plain meaning of the statutory language is not ambiguous and the result is not absurd. Aggravated assault has a two-year statute of limitations pursuant to Articles 12.01, 12.02, and 12.03(d) when its primary crime is a misdemeanor assault.

## ARGUMENT AND AUTHORITY

### I. LAYING THE FOUNDATION

#### A. STANDARD OF REVIEW

The standard of review for statutory construction, a question of law, is *de novo* review. *Krause v. State*, 405 S.W.3d 82, 85 (Tex. Crim. App. 2013). The interpretation of statutes requires the courts to effectuate the collective intent of the legislature who enacted the statute. *Id.*; *Clinton v. State*, 354 S.W.3d 795, 800 (Tex. Crim. App. 2011) (citing *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991)). In determining the collective intent of the legislature, the courts first examine the literal text, which offers the best means to determine the fair, objective meaning of the statutory text at the time of the enactment. *Clinton*, 354 S.W.3d at 800.

#### B. THE PURPOSE OF THE STATUTE OF LIMITATIONS

An indictment is required to indicate, on its face, a "date anterior to the presentment of the indictment, and not so remote that a prosecution of the offense

is barred by limitation." TEX. CODE CRIM. PROC. art. 21.02(6); *Tita v. State*, 267 S.W.3d 33, 37 (Tex. Crim. App. 2008). Where the indictment is defective on its face in that it is barred by the period of limitations, the defendant may object to the substance of the indictment and have it dismissed. TEX. CODE CRIM. PROC. art. 27.08(2); *Tita*, 267 S.W.3d at 37.

It is essential to note that we must start with the premise that a statute of limitations is to be construed liberally in favor of the defendant. *Ex parte Matthews*, 933 S.W.2d at 136 (citing *Vasquez v. State*, 557 S.W.2d 779, 783 (Tex. Crim. App. 1977)); *see also Schunior*, 467 S.W.3d. at 81 ("A statute of limitations is construed strictly against the State and liberally in favor of the defendant.") (citing *Gallardo v. State*, 768 S.W.2d 875, 880 (Tex. App.—San Antonio 1989, pet. ref'd). The statute of limitations of Chapter 12 of the Texas Code of Criminal Procedure protects "individuals from criminal prosecution after the passage of an express period of time following the commission of an offense." *Proctor v. State*, 967 S.W.2d 840, 843 (Tex. Crim. App. 1998). In other words, "The purpose of a statute of limitations is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of acts the legislature has decided to punish by criminal sanctions." *Toussie v. United States*, 397 U.S. 112, 114 (1970). The statute of limitations is a procedural rule to safeguard the defendant from charges and prosecution for alleged offenses whose facts are so distant in time that

they may be obscured and unclear and to minimize the danger of punishment. *Id.; Proctor*, 967 S.W.2d at 843 (citing W. LAFAVE & J. ISRAEL, CRIMINAL PROCEDURE § 18.5(a) (2nd ed.1992)). "The statute of limitations is an act of grace for the benefit of potential defendants, a voluntary surrendering by the people of their right to prosecute. . . . [It] is a procedural rule . . . enacted basically for the benefit of defendants." *Proctor*, 967 S.W.2d at 843.

## C. STATUTORY CONSTRUCTION

The statutory construction is a question of law, which a court must answer by first analyzing the plain language of the statute to determine its meaning. *State v. Vasilas*, 187 S.W.3d 486, 488 (Tex. Crim. App. 2006). "The seminal rule of statutory construction is to presume that the legislature meant what it said." *Vasilas*, 187 S.W.3d at 489 (citing *Seals v. State*, 187 S.W.3d 417, 421 (Tex. Crim. App. 2005)). It is beyond the province of any court to alter the application of a statute to what a court believes is the preferred result. *United States v. Granderson*, 511 U.S. 39, 68 (1994) (Kennedy, J., concurring). "[T]he fact that [the legislature] might have acted with greater clarity or foresight does not give courts a *carte blanche* to redraft statutes in an effort to achieve that which [the legislature] is perceived to have failed to do." *United States v. Locke*, 471 U.S. 84, 95 (1985). As the Supreme Court stated, "There is a basic difference between filling a gap left by [the legislature's] silence and rewriting rules that [the

8

legislature] has affirmatively and specifically enacted." *Id.* (citing *Mobil Oil. Corp. v. Higginbotham*, 436 U.S. 618, 625 (1978)). The legal theory of statutory construction is based on the understanding that if the legislature erroneously enacted a statute, it would amend or repeal the statute in the following session. *Getts v. State*, 155 S.W.3d 153, 158 (Tex. Crim. App. 2005). Thus, we presume the legislature intended the statutory scheme to be effective in its entirety. *State v. Bennett*, 415 S.W.3d 867, 872 (Keller, P.J., concurring) (citing *Bays v. State*, 396 S.W.3d 580, 584 (Tex. Crim. App. 2013)).

In other words, when the statutory language is clear and unambiguous, the statutory construction is based on the plain language of the statutes. If the statutory language is deemed to be "ambiguous or would lead to an absurd result that the legislature could not have intended, then" extratextual factors are considered to determine the legislature's intent. *Schunior*, 467 S.W.3d at 83 (citing *Price v. State*, 434 S.W.3d 601, 607 (Tex. Crim. App. 2014).

## II. THE STATUTE OF LIMITATIONS FOR AGGRAVATED ASSAULT IS GOVERNED BY THE INTERPLAY AND HARMONIOUS READING OF ARTICLE 12.01 AND 12.03(d)

### A. THE STATE'S ARGUMENT THAT ARTICLE 12.01(7) GOVERNS THE STATUTE OF LIMITATIONS OF AGGRAVATED ASSAULT IS FLAWED

The State's argument proposes that Article 12.03(d) be completely ignored and that Article 12.01(7) be applied to aggravated assault. The State's argument yields an absurd result in that the "legislature is presumed to have intended both

9

statues to have effect." *See Schunior*, 467 S.W.3d at 87 (citing *Bays*, 396 S.W.3d at 584; *Mahaffey v. State*, 364 S.W.3d 908, 913 (Tex. Crim. App. 2012)).  An interpretation that concludes that Article 12.01(7) controls over Article 12.03(d) ignores the introductory "except" clause of Article 12.01.  *Schunior*, 467 S.W.3d at 87–88.  The introductory phrase in Article 12.01 reads as follows, "Except as provided in Article 12.03, . . . "  This phrase "expressly states that [Article 12.01] is *subject to* the more specific provisions in [A]rticle 12.03."  *Id*. (emphasis in original).

The State cites to *Shipp v. State*, 331 S.W.3d 433 (Tex. Crim. App. 2011) for the proposition that in statutory construction and plain language analysis the exclusion of phrases is not acceptable.  (State Brief at 9).  However, it is the State who wants the Court to ignore the "except" clause in Article 12.01 and to ignore Article 12.03(d) in its entirety.  Our interpretation of the statutory construction gives effect to all and every word in both articles at issue in this case.

The State did not cite a single case from any court of appeals that has held that the statute of limitations for any aggravated offense is determined by the felony catch-all provision in Article 12.01(7).  The State did not cite a single case from any court of appeals that has held that the statute of limitations for aggravated assault with misdemeanor assault as the primary crime is determined by the felony catch-all provision in Article 12.01(7).  The State did not cite a single case from

10

this Court that has held that the statute of limitations for any aggravated offense is determined by the felony catch-all provision in Article 12.01(7) instead of the special aggravated offenses Article 12.03(d). The reason being that there is no such a case.

What your Honorable Court will find in this, Appellee's brief, is that there are cases from different courts of appeals holding that the statute of limitations for aggravated offenses that are not specifically enumerated in Article 12.01 are governed by Article 12.03(d).

**B. A PLAIN LANGUAGE ANALYSIS CONCLUSIVELY ESTABLISHES THAT ARTICLES 12.01 AND 12.03(d) ARE NOT AMBIGUOUS**

As noted above, the first step in statutory construction is to look at the plain language of the statute with the presumption that the legislature's intent is that the entire statutory scheme is effective. It follows then that Articles 12.01 and 12.03 must be construed in accordance with the plain language meaning unless their language is ambiguous or the result is absurd. *Bennett*, 415 S.W.3d at 872 (Keller, P.J., concurring). In doing so, we presume the legislature intended the statutory scheme to be effective in its entirety. *Id*. (citing *Bays*, 396 S.W.3d at 584). Although Articles 12.01 and 12.03 appear to be conflict in regards to Article 12.01's three-year "catch-all" provision, the reality is: There is no conflict at all. *Id*.

11

Chapter 12 does not enumerate or specifically list a statute of limitations for aggravated assault. Aggravated assault is a felony. TEX. PENAL CODE § 22.02. In this case, Appellee Schunior is charged with four counts of aggravated assault whose primary crime is misdemeanor assault. [1 CR 12–14]. Article 12.01(7) states, "Except as provided in Article 12.03," the statute of limitations is "three years from the date of the commission of the offense: all other felonies;" while Article 12.03(d) unambiguously states that, "Except as otherwise provided in this chapter, any offense that bears the title 'aggravated' shall carry the same limitation period as the primary crime." TEX. CODE CRIM. PROC. arts. 12.01(7) & 12.03(d). This statutory language inevitably leads to the conclusion that because aggravated assault is not provided for anywhere in Chapter 12, aggravated assault carries the same statute of limitations of its primary crime, misdemeanor assault in this case; thus, rendering the statute of limitations to be two years in the case of Appellee Schunior ("An indictment or information for any [] misdemeanor may be presented within two years from the date of the commission of the offense, and not afterward." TEX. CODE CRIM. PROC. art. 12.02.

The statutes under scrutiny in this case are Article 12.01, Article 12.02, and Article 12.03(d) of the Texas Code of Criminal Procedure. A harmonious and thorough reading of the statutes lead to the conclusion that Article 12.03(d)

controls and aggravated assault carries a statute of limitations of two years, given its primary crime is misdemeanor assault. The statutes read as follows:

**12.01**
Except as provided in Article 12.03, felony indictments may be presented within these limits, and not afterward:

* * *

**(7)** three years from the date of the commission of the offense: all other felonies.

**12.02**
An indictment or information for any [] misdemeanor may be presented within two years from the date of the commission of the offense, and not afterward.

**12.03(d)**
Except as otherwise provided by this chapter, any offense that bears the title "aggravated" shall carry the same limitation period as the primary crime.

In analyzing the statutory language, it is imperative to read the text of the statute as written, without adding or deleting words. *Arredondo v. State*, 406 S.W.3d 300, 307 (Tex. App.—San Antonio 2013) (stating that "Courts must apply penal statutes exactly as they read."). Therefore, it is important to note that Article 12.01, before enumerating limitation periods for specific offenses, reads: "*Except as provided in Article 12.03*, felony indictments may be presented within these limits, and not afterward." TEX. CODE CRIM. PROC. art. 12.01 (emphasis added). This language specifically gives deference to Article 12.03, the specific statute, over Article 12.01, the general statute with a "catch all" provision. *See Bennett*,

13

415 S.W.3d at 872 (Keller, P.J., concurring) (stating the "provisions of Article 12.03 trump any provisions found in Article 12.01.").

Article 12.03(d) reads "*Except as otherwise provided by this chapter*, any offense that bears the title 'aggravated' shall carry the same limitation period as the primary crime." TEX. CODE CRIM. PROC. art. 12.03(d) (emphasis added). It is apparent from the plain language of Articles 12.01 and 12.03(d) that the statutes are intended to be read and applied harmoniously. The language of Article 12.03(d) excepts from its application any aggravated offense specifically enumerated anywhere in Chapter 12, including Article 12.01. Chapter 12, specifically Article 12.01, lists some aggravated offenses with their respective limitations period. However, aggravated assault, just like aggravated perjury, is not enumerated in Article 12.01. TEX. CODE CRIM. PROC. art. 12.01. Further, the introductory language in Article 12.01, "[e]xcept as provided in Article 12.03," commands that Article 12.03 controls over Article 12.01 with respect to aggravated offenses not specifically enumerated in 12.01(1)–(6). Inevitably, Article 12.03(d) is to be applied to aggravated assault as it is applied to aggravated perjury: Neither of these aggravated offenses is specifically listed in Article 12.01, or anywhere else in Chapter 12.

In other words, as stated by the Fourth Court of Appeals,

The "[e]xcept as otherwise provided by this chapter" phrase added to [A]rticle 12.03(d) in 1997 logically refers not to the residuary

14

limitations period in 12.01(7), but to the aggravated offenses that do have a designated limitations period within Chapter 12, to wit: aggravated sexual assault . . . under [A]rticle 12.01(1)(B), and aggravated kidnapping . . . under [A]rticle 12.01(5)(B).

*Schunior*, 467 S.W.3d at 87; *see also Bennett*, 415 S.W.3d at 875 (Keller, P.J., concurring).  Consequently, the plain language analysis gives full effect to every word in both articles, including the "except" clauses in both articles:  Article 12.01(7) applies to those felonies not enumerated in 12.01(1)–(6) and to those felonies not provided for in Article 12.03 (pursuant to the "except" clause in Article 12.01); Article 12.03(d) applies to those aggravated offenses that not enumerated in Article 12.01(1)–(6).

It is also clear and unambiguous that Article 12.03(d) is specific as to which offense is to be used to determine the statute of limitations of an aggravated offense under 12.03(d):  "any offense that bears the title 'aggravated' shall carry the same limitation period as *the primary crime*."  TEX. CODE CRIM. PROC. art. 12.03(d) (emphasis added).  Article 12.03(d) uses the word "the" to modify the phrase "primary crime."  Therefore, a charged aggravated offense may have only ONE primary crime.

**1. The Tyler Court of Appeals and the San Antonio Court of Appeals Analyzed the Plain Language of Articles 12.01 and 12.03(d) and Reached the Inevitable Conclusion that the Statutory Language is Not Ambiguous**

The State argues in its brief (State's Brief at 5) that the *Fantich* court and the *Schunior* court "built [their reasoning] on a presumption that the statutes are *un*ambigious." Both Courts, the Tyler Court of Appeals in *Fantich* and the San Antonio Court of Appeals in *Schunior*, determined, through their analysis, that the statutes at issue are not ambiguous and thus, the plain language meaning is to be applied. As stated by the *Boykin* Court, "if the meaning of the statutory text . . . should have been plain to the legislators who voted on it . . . we ordinarily give effect to that plain meaning." *Boykin*, 818 S.W.2d at 785 (citing *Smith v. State,* 789 S.W.2d 590, 592 (Tex. Crim. App. 1990)). Further, the *Boykin* Court stated that " '[w]here the statute is clear and unambiguous, the Legislature must be understood to mean what it has expressed, and it is not for the courts to add or subtract from such a statute.' " *Id*. (internal citations omited). Even if the courts had "not invoked *Boykin*'s rules for statutory construction when discerning the meaning" of the statutes, that does not mean the courts' approaches did not conform to *Boykin*'s mandate." *State v. Colyandro*, S.W.3d 870, 877 (2007). However, note that both, the *Fantich* court and the *Schunior* court invoked *Boykin*'s rules.

The *Fantich* court concluded,

> [T]hat the more persuasive authority and rationale is found in *Ex parte Matthews, Compton v. State, Ex parte Tamez,* and *Ex parte Zain.* This line of authority *gives full effect to articles 12.01 and 12.03, recognizes the interplay between them, applies their plain meaning*, and confirms our conclusion that *a two year statute of limitation period for an aggravated offense with a misdemeanor as its primary crime does not cause an absurd result.*

*Fantich,* 420 S.W.3d at 293 (emphasis added). Although the State argues (State's Brief at 6), that the *Fantich* court disregarded part of the statutory language, the quote cited above clearly demonstrates that the *Fantich* court concluded that the statutes are unambiguous and thus must be given full effect by applying their plain meaning and recognizing the interplay between both Articles 12.01 and 12.03. In addition, the *Fantich* court specifically stated that there was no need to resort to extratextual sources because the application and interpretation of the statutes does not require it and does not yield an absurd result. *Id.* at 291. Giving full effect to every word of both articles means exactly that. While Article 12.03(d) applies to those aggravated offenses that are not enumerated, Article 12.01(7) applies to those felonies that are not enumerated in 12.01(1)–(6) and that are not provided for in Article 12.03. Thus, the plain language analysis as applied to Articles 12.01 and 12.03 gives full effect to every word in both articles.

Similarly, the *Schunior* court conducted a detailed analysis of both articles 12.01 and 12.03 and held that "[c]onstruing the plain unambiguous language of the

17

statutes within the context of the entire statutory scheme, . . . article 12.01(7)'s catch-all provision is subject to the more specific provisions of article 12.03(d), which results in a two-year statute of limitations for aggravated assault under the indictment" that charges Schunior. *Schunior*, 467 S.W.3d at 90. The *Schunior* court specifically explained that, "[i]n construing a statute, we seek to give effect to the legislature's intent and we presume that it intended the entire statutory scheme to be effective." *Id.* at 83 (citing TEX. GOV'T CODE § 311.021). The *Schunior* court clearly stated that the " 'Legislature must be understood to mean what it has expressed, and it is not for the courts to add or subtract from' " a statute when said statutory language is clear and unambiguous. *Id.* (quoting *Boykin*, 818 S.W.2d at 785; *Bays*, 396 S.W.3d at 584–85). The Fourth Court of Appeals clearly stated, "Conducting a *de novo* review of the two statutes at issue and looking first to the plain meaning language of the statutes, we conclude the statutes are *not ambiguous* and may be harmonized to give effect to the entire statutory scheme." *Schunior*, 467 S.W.3d. at 87 (emphasis added). "We are bound to give this restrictive, plain language [of Article 12.01's introductory phrase] its objective meaning that the provisions of article 12.01 are *subject to* the provisions of article 12.03." *Id*. (emphasis in original). As the *Fantich* court, the court in *Schunior*, gave full effect to every word in the statutory scheme at issue, including the

18

"except" clauses in both articles. Both Article 12.01 and Article 12.03 apply to different offenses and the language is clear and unambiguous.

Therefore, both the Tyler Court of Appeals in *Tyler* and the San Antonio Court of Appeals in *Schunior*, first analyzed the statutory language at issue to determine its meaning, as instructed by this Court in *Vasilas*. *See Vasilas*, 187 S.W.3d at 488. Further, the *Fantich* court and the *Schunior* court, followed the direction of this Court in *Boykin*, which directs the lower courts that when the statutory language is clear and unambiguous, the courts are not to add or subtract words from it, but rather the "Legislature must be understood to mean what it expressed." *Boykin*, 818 S.W.2d at 785; *Bays*, 396 S.W.3d at 584–85; *Vasilas*, 187 S.W.3d at 488; *see Schunior*, 467 S.W.3d at 83; *see also Fantich*, 420 S.W.3d at 293. It is important to note that pursuant to the Government Code, a court may consider a wide array of factors when construing a statute, regardless of whether said statute is ambiguous or not. TEX. GOV'T CODE § 311.023.

> In construing a statute, *whether or not the statute is considered ambiguous* on its face, a *court may consider* among other matters the:
>
> (1) object sought to be attained;
> (2) the circumstances under which the statute was enacted;
> (3) legislative history;
> (4) common law or former statutory provisions, including laws on the same or similar subjects;
> (5) consequences of a particular construction;
> (6) administrative construction of the statute; and
> (7) title (caption), preamble, and emergency provision.

TEX. GOV'T CODE § 311.023 (emphasis added). Therefore, the State's argument suggesting that the reasoning of the Fourth Court of Appeals in *Schunior* and the reasoning of the Twelfth Court of Appeals in *Fantich* are flawed is baseless and incorrect. Both courts analyzed the statutory language at issue and conformed to both codified and case law in reaching their conclusion that aggravated assault carries a two-year limitation period when its primary crime is misdemeanor assault, pursuant to Article 12.03(d) and Article 12.01. The *Fantich* court and the *Schunior* court both analyzed the plain language of the articles and considered the canons of construction, such as the presumptions of legislative intent as outlined in Section 311.021 of the Texas Government Code, and the statute construction aids as permitted by Section 311.023 of the Texas Government Code. *See Fantich*, 420 S.W.3d at 289 (stating that the court applied the canons of construction in the interpretation of the statutes); *see also Schunior*, 467 S.W.3d at 83 (discussing the factors considered by the court, such as the presumption that legislature's intent is to give effect to the entire statutory scheme, the fair and objective meaning at the time of enactment, other provisions within the entire statutory scheme, consequences of a particular interpretation, laws on same or similar subjects, and legislative history).

The State further argues that the *Fantich* court and the *Schunior* court "stopped considering the meanings of the statutes" when they reached a plain

language analysis with a two-year statute of limitations in this case. (State's Brief at 7). The States argues that the courts did not consider a three-year result. (State's Brief at 7). The State's arguments are incorrect. As previously noted above, both courts fully analyzed the plain language meaning of the statutory language, addressed *dicta* favoring a three-year statute of limitations, and considered the consequences of a three-year statute of limitation's interpretation. Both *Fantich* and *Schunior* clearly present a full analysis of the plain language analysis. *Fantich*, 420 S.W.3d at 290–93; *Schunior*, 467 S.W.3d at 86–90.

**2. Appellee's Interpretation Considers Both, Article 12.01 and Article 12.03(d), Gives Full Effect to Every Word, and Concludes a Two-Year Statute of Limitations for Aggravated Assault With The Primary Crime of Misdemeanor Assault**

As previously expressed above, Article 12.01(7) applies to those offenses that are not enumerated in Article 12.01(1)–(6) and that are not provided for in Article 12.03. In turn, Article 12.03(d) applies to aggravated offenses that are not enumerated in 12.01(1)–(6) and that are not provided for anywhere else in Chapter 12. Thus, this statutory scheme of Articles 12.01 and 12.03 is clear and not ambiguous: Every word and both "except" clauses are given full effect to discern the meaning and application of both Articles 12.01 and 12.03(d).

21

**C. The Colyandro/Marin Presumption of Legislative Ratification is Not Applicable to Dicta**

The State claims that Article 12.01 and Article 12.03(d) are ambiguous. The State cites *Colyandro* for the proposition that an ambiguous statute that is interpreted by the courts may be ratified by the legislature through the legislature's action or inaction. (State's Brief at 19–20). The State further argues that the legislature's action or inaction ratified this Court's *dicta* in *Hunter* and *Ex parte Salas* that the statute of limitations for aggravated assault is three years. *See Hunter v. State*, 576 S.W.2d 395 (Tex. Crim. App. 1979); *see also Ex parte Salas*, 724 S.W.2d 67 (Tex. Crim. App. 1987) (en banc). Notably, there is no authority for the proposition that the legislative ratification theory relied on by the State applies to *dicta*.

The State fails to consider this Court's dicta in *Ex parte Matthews*, reasoning that the statute of limitation for an aggravated offense not enumerated in Article 12.01 is the limitation period called for in Article 12.03(d). *See Ex parte Matthews*, 933 S.W.2d at 134. *Ex parte Matthews*, was the most recent of the three *dicta* relative to the 1997 legislative session in which Article 12.03(d) was amended as cited by the State. It is imperative to note though, that the 1997 Legislature also amended Article 12.01 to enumerate, for the first time, aggravated offenses, thus the 1997 amendment to Article 12.03(d) is believed to have been designed to give full effect to both Article 12.01 and Article 12.03(d). Dix &

22

SCHMOLESKY, 40 TEX. PRAC. CRIMINAL PRACTICE AND PROCEDURE § 6:29 (3d ed. 2011).

The State, quoting Professors Dix and Schmolesky, argues that "[a] construction of a statute, made or suggested by the courts, has been treated as approved or affirmed by the legislature if, after the construction, the legislature met and failed to change the statute." 40 TEX. PRAC., CRIMINAL PRACTICE AND PROCEDURE § 2:33. This argument fails in its entirety for two reasons.

First, Professors Dix and Schmolesky, specifically discussed the 1997 Legislature amendment to both Article 12.01 and Article 12.03(d). They specifically state "[t]he purpose of a statute of limitations in the criminal context is to protect the accused from having to defend against stale criminal charges and to prevent punishment for acts committed in the remote past." 40 TEX. PRAC. CRIMINAL PRACTICE AND PROCEDURE § 6:1. Further, the Professors conclude that although the 1997 amendment to Article 12.03(d) is unclear, "it seems unlikely [that the 1997 Legislature] intended to change the general rule that an aggravated offense carries the same period as the primary offense, even when the primary offense is a misdemeanor and the aggravated offense is a felony." 40 TEX. PRAC. CRIMINAL PRACTICE AND PROCEDURE § 6:29. In reaching this conclusion, Professors Dix and Schmolesky note that the 1997 amendment's addition to the "except" clause to article 12.03(d) was part of SB 921 which created special

limitations periods for sexual assault of a child and aggravated sexual assault of a child, as well as indecency with a child by contact. *See Schunior*, 467 S.W.3d at 81–83. (citing 40 TEX. PRAC. CRIMINAL PRACTICE AND PROCEDURE § 6:29). Therefore, Professors Dix and Schmolesky posit that the "except" clause of Article 12.03(d) may have been viewed as necessary, under the provisions in effect in 1997 to retain the five-year limitations period for sexual assault while placing aggravated sexual assault of a child in the special ten-year limitations category. *Id.* (citing 40 TEX. PRAC. CRIMINAL PRACTICE AND PROCEDURE § 6:29).

Second, the ratification through the legislature's action or inaction of courts' interpretations refers to courts' holdings rather than courts' *dictum*. *See Colyandro*, 233 S.W.3d at 877–78 (discussing the Court's *holdings* in two cases in reference to the legislature's ratification of same). Thus, Appellee respectfully presents to the Court that the ratification through the legislature's action or inaction does not apply to *dictum*.

Assuming *arguendo*, that ratification through the legislature's action or inaction applies to court's dictum as argued by the State, the State's argument still fails. That is because the most recent *dicta* by the Court at the time of the 1997 amendment to Chapter 12 was made was that the statute of limitations for aggravated offenses not enumerated in Article 12.01 are governed by Article 12.03(d). *See Ex parte Matthews*, 933 S.W.2d 134 at 134 (stating that the statute

of limitations for aggravated perjury is two years pursuant to Article 12.03(d) because perjury is the primary crime, which is a misdemeanor).

Interestingly, the State does not explain why the legislative ratification theory does not apply to the 2015 legislative session. In 2014 the Court held in *Bennett* that the issue of the statute of limitations for aggravated assault was unsettled. However, the legislature, having met in for the 2015 legislative session, took no action to correct the unsettled law.

**III. THE STATUTE OF LIMITATIONS FOR AGGRAVATED ASSAULT IS GOVERNED BY ARTICLE 12.03(d) AND THUS CARRIES THE SAME STATUTE OF LIMITATIONS AS *THE PRIMARY CRIME*. THERE IS NO LESSER-INCLUDED OFFENSE CALLED ON BY ARTICLE 12.03(d).**

**A. APPELLEE SCHUNIOR IS NOT ADVOCATING FOR ALL AGGRAVATED ASSAULTS TO HAVE A TWO-YEAR STATUTE OF LIMITATIONS**

Article 12.03(d) states that aggravated offenses carry the same statute of limitations as its primary crime. TEX. CODE CRIM. PROC. arts. 12.03(d). Thus, only those aggravated offenses, including aggravated assaults, that have a misdemeanor as its primary crime, have a two-year statute of limitations. In other words, those aggravated assaults that have a primary crime of a felony assault, as defined in sections 22.01(b) and (b-1) of the Texas Penal Code, have a three-year statue of limitations. This is because the statute of limitations for felony assault, the primary crime would be three years pursuant to Article 12.01(7). Thus, there is no absurd result, if the primary crime of the aggravated offense is a misdemeanor

25

assault, then the statute of limitations is two years; if the primary crime of the aggravated offense is a felony assault, the statute of limitations is three years.

In the present case, Appellee Schunior was charged with aggravated assault with a misdemeanor assault as its primary crime. Thus, the statute of limitations in this specific scenario is two years pursuant to Articles 12.01, 12.02, and 12.03(d) of the Texas Code of Criminal Procedure.

## B. The Primary Crime is Not the Same as A Lesser-Included Offense; The Statute of Limitations to be Assigned to Aggravated Assault is That of its Primary Crime

It is important to note that the State did not raise this argument regarding the lesser-included offense to the trial court, having effectively waived the argument. *Ibarra v. State*, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999) ("[E]xcept for complaints involving fundamental constitutional systematic requirements . . . all other complaints . . . are [forfeited] by failure to comply with Rule 33.1.").

Nonetheless, Appellee responds to the State's argument. Article 12.03(d) refers to "the primary crime." As noted above, the use of the modifier "the" means that a charged offense has only one primary crime. Despite this, the State is asking the Court to substitute "the primary crime" for any potential "lesser-included offense" definition that would be the most beneficial to the State. Although this would serve to give the State more time to complete its task of obtaining an

26

indictment, it is contrary to any opinion in this Court and to any opinion from the courts of appeals.

The State argues that the legislature's intent is that if Article 12.03(d) controls, then the statute of limitations for the most severe underlying offense applies. (State's COA Brief at 12). The States also argues that "it is not possible to limit Article 12.03(d)'s reference to 'the primary crime' to refer only" to that primary crime, that it must refer to lesser-included offenses. (State's COA Brief at 51). Both of these statements lack support and contradict the unambiguous and simple statutory language of Articles 12.01 and 12.03(d).

An aggravated offense, in its elements, defines its primary crime by either referring to the Penal Code section of the primary crime or by listing the elements of the primary crime, and it further adds an aggravating element that makes said primary crime an aggravated offense. *See* TEX. PENAL CODE § 22.02 (stating that an aggravated assault is an "assault as defined in § 22.01 and" one of two aggravating factors). In other words, an aggravated offense has the elements of the primary crime plus the aggravating element. In *Schunior,* the primary crime is assault class C misdemeanor plus the aggravating element of the use of a deadly weapon. (Indictment, 1 CR 12–14).

Although Schunior "*could* . . . be charged with felony deadly conduct," like the State argues, the truth is that Schunior was not charged with felony deadly

conduct. (State's Brief at 33). Again, Schunior was charged with aggravated assault, with misdemeanor assault as the primary crime.

The legislature intended exactly what the statute reads, that an aggravated offense not enumerated in chapter 12 carries the same statute of limitations as its primary crime. TEX. CODE CRIM. PROC. art. 12.03(d). There is only one primary crime to a charged aggravated offense, the statute is clear: "any offense titled 'aggravated' shall carry the same limitation period as the primary crime."

By contrast, the legislature specified in article 12.03(b) that the statute of limitations for a criminal conspiracy or an organized criminal activity is that of the "most severe serious offense" that is the object of the conspiracy or the organized activity. TEX. CODE CRIM. PROC. art. 12.03(b). Thus, had the legislature intended the same application of "most severe" or "most serious" lesser-included offense, the legislature would have so provided in article 12.03(d). *See Schunior*, 467 S.W.3d at 89–90 ("Because the statute itself demonstrates that the legislature recognized a difference between the term 'primary crime' and the term 'most serious offense,' the legislatures' express use of the term 'primary crime' in subsection (d) is an express exclusion of the term 'most serious offense.'") (internal citations omitted). "It is a well-known rule of statutory construction . . . that the express mention or enumeration of one person, thing, consequence, or class is tantamount to an express exclusion of all others." *See*

28

*Schunior*, 467 S.W.3d at 90 (quoting *Ex parte McIver*, 586 S.W.2d 851, 856 (Tex. Crim. App. [Panel Op.] 1979). "[W]hen the Legislature desires to convey a certain level of specificity within a statutory provision, it knows how to do it." *See Schunior*, 467 S.W.3d at 90 (quoting *Cornet v. State*, 359 S.W.3d 217, 222 (Tex. Crim. App. 2012).

Thus, the lesser-included offense and most serious offense arguments are contradictory to what the law specifically states and to the rules of statutory construction. In addition, it is important to note that the State's arguments for a three-year statute of limitations contradict the fact that statutes of limitations are to be "construed strictly against the State and liberally in favor of the defendant." *Vasquez*, 557 S.W.2d at 783; *Schunior*, 467 S.W.3d at 81.

Further, there are ample examples where the Texas Code of Criminal Procedure imposes shorter statutes of limitations for an offense than for the statute of limitations for its lesser-included offense. For example, this occurs sometimes with burglaries pursuant to Texas Penal Code § 30.02(a)(3) that involve the commission of a felony or the attempt to commit a felony. *Mitchell v. State*, 137 S.W.3d 842, 845–47 (Tex. App.—Houston [1st Dist.] 2004). Although *Mitchell* involved burglary with a statute of limitations of five years and its lesser-included offense of aggravated assault, which has a two-year statute, the *Mitchell* court held that the alleged felony or attempted felony is a lesser-included offense of burglary.

29

The *Mitchell* court relies on Article 37.09 which States that an offense is a lesser-included offense if: (1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged. *Id.*; TEX. CODE CRIM. PROC. art. 37.09.

Using the reasoning in *Mitchell*, several potential felonies or attempted felonies that could be alleged as part of a burglary charge have longer statutes of limitations than burglary. Burglary of a Habitation carries a five-year statute of limitations to Article 12.01(4)(B). TEX. CODE CRIM. PROC. art. 12.01. These felonies, using the rationale of *Mitchell* would be lesser-included offenses, with longer statutes of limitations than the greater offense (burglary). This would also be true for aggravated robbery pursuant to section 29.03(a)(3)(A) involving injury to an elderly or disabled person. TEX. PENAL CODE § 29.03. This is true because aggravated robbery by injuring an elderly or disabled person carries all of the same elements as injury to an elderly. TEX. CODE CRIM. PROC. art. 37.09; TEX. PENAL CODE § 22.04; TEX. PENAL CODE § 29.03.

The following are some examples of offenses that have lesser-included offenses with longer statutes of limitations than the greater-offense:

| Greater Offense | Limitations Period | Lesser-Included | Limitations Period |
|---|---|---|---|
| Burglary of Habitation | 5 years, Art. 12.01(4)(B) | Murder | No Limitations Art. 12.01(1)(A) |
| Burglary of Habitation | 5 years, Art. 12.01(4)(B) | Attempted Murder | No Limitations Art. 12.01(1)(A) Art. 12.03(a) |

| Burglary of Habitation | 5 years, Art. 12.01(4)(B) | Manslaughter | No Limitations Art. 12.01(1)(A) |
|---|---|---|---|
| Burglary of Habitation | 5 years, Art. 12.01(4)(B) | Sexual Assault | No Limitations Art. 12.01(1)(B) |
| Burglary of Habitation | 5 years, Art. 12.01(4)(B) | Attempted Sexual Assault | No Limitations Art. 12.01(1)(B) Art. 12.03(a) |
| Burglary of Habitation | 5 years, Art. 12.01(4)(B) | Aggravated Sexual Assault | No Limitations Art. 12.01(1)(B) |
| Burglary of Habitation | 5 years, Art. 12.01(4)(B) | Attempted Aggravated Sexual Assault | No Limitations Art. 12.01(1)(B) Art. 12.03(a) |
| Burglary of Habitation | 5 years, Art. 12.01(4)(B) | Indecency with a Child | No Limitations Art. 12.01(1)(E) |
| Burglary of Habitation | 5 years, Art. 12.01(4)(B) | Attempted Indecency with a child | No Limitations Art. 12.01(1)(E) Art. 12.03(a) |
| Burglary of Habitation | 5 years, Art. 12.01(4)(B) | Theft of an Estate | 10 Years Art. 12.01(2)(A |
| Burglary of Habitation | 5 years, Art. 12.01(4)(B) | Attempted Theft of an Estate | 10 Years Art. 12.01(2)(A) Art. 12.03(a) |
| Burglary of Habitation | 5 years, Art. 12.01(4)(B) | Theft by a Public Servant | 10 Years Art. 12.01(2)(B) |
| Burglary of Habitation | 5 years, Art. 12.01(4)(B) | Attempted Theft by a Public Servant | 10 Years Art. 12.01(2)(B) Art. 12.03(a) |
| Burglary of Habitation | 5 years, Art. 12.01(4)(B) | Forgery | 10 Years Art. 12.01(2)(C) |
| Burglary of Habitation | 5 years, Art. 12.01(4)(B) | Attempted Forgery | 10 Years Art. 12.01(2)(C) Art. 12.03(a) |
| Burglary of Habitation | 5 years, Art. 12.01(4)(B) | Injury to Elderly Disabled Person, First Degree | 10 Years Art. 12.01(2)(D) |
| Burglary of Habitation | 5 years, Art. 12.01(4)(B). | Attempted Injury to Elderly Disabled Person | 10 Years Art. 12.01(2)(C) Art. 12.03(a) |
| Burglary of | 5 years, | Sexual Assault | 10 Years |

| Habitation | Art. 12.01(4)(B) | | Art. 12.01(2)(E) |
|---|---|---|---|
| Burglary of Habitation | 5 years, Art. 12.01(4)(B) | Attempted Sexual Assault | 10 Years Art. 12.01(2)(E) Art. 12.03(a) |
| Burglary of Habitation | 5 years, Art. 12.01(4)(B) | Arson | 10 Years Art. 12.01(2)(F) |
| Burglary of Habitation | 5 years, Art. 12.01(4)(B) | Attempted Arson | 10 Years Art. 12.01(2)(F) Art. 12.03(a) |
| Burglary of Habitation | 5 years, Art. 12.01(4)(B) | Trafficking of Persons | 10 Years Art. 12.01(2)(G) |
| Burglary of Habitation | 5 years, Art. 12.01(4)(B) | Attempted Trafficking of Persons | 10 Years Art. 12.01(2)(G) Art. 12.03(a) |
| Burglary of Habitation | 5 years, Art. 12.01(4)(B) | Compelling Prostitution | 10 Years Art. 12.01(2)(H) |
| Burglary of Habitation | 5 years, Art. 12.01(4)(B) | Attempted Compelling Prostitution | 10 Years Art. 12.01(2)(H) Art. 12.03(a) |
| Burglary of Habitation | 5 years, Art. 12.01(4)(B) | Misapplication of Property | 7 Years Art. 12.01(3)(A) |
| Burglary of Habitation | 5 years, Art. 12.01(4)(B) | Attempted Misapplication of Property | 7 Years Art. 12.01(3)(A) Art. 12.03(a) |
| Burglary of Habitation | 5 years, Art. 12.01(4)(B) | Securing Execution by Deception | 7 Years Art. 12.01(3)(B) |
| Burglary of Habitation | 5 years, Art. 12.01(4)(B) | Attempted Securing Execution by Deception | 7 Years Art. 12.01(3)(B) Art. 12.03(a) |
| Burglary of Habitation | 5 years, Art. 12.01(4)(B) | Tax Code Violation | 7 Years Art. 12.01(3)(C) |
| Burglary of Habitation | 5 years, Art. 12.01(4)(B) | Attempted Tax Code Violation | 7 Years Art. 12.01(3)(C) Art. 12.03(a) |
| Burglary of Habitation | 5 years, Art. 12.01(4)(B) | False Statement to Obtain Property – Credit | 7 Years Art. 12.01(3)(D) |

| Burglary of Habitation | 5 years, Art. 12.01(4)(B) | Attempt False Statement to Obtain Property – Credit | 7 Years Art. 12.01(3)(D) Art. 12.03(a) |
|---|---|---|---|
| Burglary of Habitation | 5 years, Art. 12.01(4)(B) | Money Laundering | 7 Years Art. 12.01(3)(E) |
| Burglary of Habitation | 5 years, Art. 12.01(4)(B) | Attempted Money Laundering | 7 Years Art. 12.01(3)(E) Art. 12.03(a) |
| Burglary of Habitation | 5 years, Art. 12.01(4)(B) | Credit/Debit Card Abuse | 7 Years Art. 12.01(3)(F) |
| Burglary of Habitation | 5 years, Art. 12.01(4)(B) | Attempted Credit/Debit Card Abuse | 7 Years Art. 12.01(3)(F) Art. 12.03(a) |
| Burglary of Habitation | 5 years, Art. 12.01(4)(B) | Fraudulent Use of Identifying Information | 7 Years Art. 12.01(3)(G) |
| Burglary of Habitation | 5 years, Art. 12.01(4)(B) | Attempted Fraudulent Use of Identifying Information | 7 Years Art. 12.01(3)(G) Art. 12.03(a) |
| Aggravated Robbery | 5 Years Art. 12.01(4)(A) Art. 12.03(a) | Injury to Elderly Disabled Person, First Degree | 10 Years Art. 12.01(2)(D) |

Therefore, there is nothing absurd about aggravated assault with a misdemeanor assault as a primary crime having a two-year statute of limitations, particularly because that is exactly what the statutes mandate.

## C. THE *IN PARI MATERIA* DOCTRINE YIELDS A TWO-YEAR STATUTE OF LIMITATIONS FOR AGGRAVATED ASSAULT WITH A MISDEMEANOR ASSAULT AS THE PRIMARY CRIME

Article 12.01 and Article 12.03(d) should be read harmoniously with each other. *See* TEX. GOV'T CODE § 311.026(a) ("If a general provision conflicts with a

special or local provision, the provisions shall be construed, if possible, so that effect is given to both."). When two statutes are *in pari materia,* the doctrine requires that the statutes be "taken, read, and construed together, each enactment in reference to the other, as though they were parts of one and the same law." *Jones v. State*, 396 S.W.3d 558, 561 (Tex. Crim. App. 2013). To that end, "[a]ny conflict between their provisions will be harmonized, if possible, and effect will be given to all the provisions of each act if they can be made to stand together and have concurrent efficacy." *Id.* at 561–62. Where such statutes irreconcilably conflict, however, "the more detailed enactment . . . will prevail, regardless of whether it was passed prior to or subsequently to the general statute, unless it appears that the legislature intended to make the general act controlling." *Id*. at 562.

> The *in pari materia* doctrine is codified in the Construction Act:
>
> (a) If a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both.
>
> (b) If the conflict between the general provision and the special or local provision is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevails.

TEX. GOV'T CODE § 311.026(a)–(b). Texas Government Code section 311.026 only applies if there is a conflict between the statutes.

Although Appellee contends that there is no conflict between Articles 12.01 and 12.03(d), Appellee addresses this analysis below. *See Bennett*, 415 S.W.3d at 876 (Keller, P.J., concurring).

If the Court determines that there is a conflict, section 311.026(a) applies so that Article 12.01 is read in conjunction with Article 12.03(d), giving effect to both 12.03(d) and 12.01(7): the statute of limitation for aggravated assault with a misdemeanor assault as a primary crime is two years pursuant to 12.03(d) and 12.02. *See* TEX. GOV'T CODE § 311.026(a).

Further, pursuant to subsection (b) of the construction act, the specific provision in Article 12.03(d) prevails over the general provision in Article 12.01(7). Thus, if conflict is found and such conflict cannot be resolved by construing them in such a way as to give effect to both, then the more specific statute controls over the more general one. TEX. GOV'T CODE § 311.026(b); DIX & SCHMOLESKY, 40 TEX. PRAC. CRIMINAL PRACTICE AND PROCEDURE § 6:29 (3d ed. 2011). Consequently, Article 12.03(d), being the more specific statute that deals with aggravated offenses, prevails: The statute of limitations for aggravated assault is that of its primary crime. *See Id*. In our present case, Appelle Schunior was charged with aggravated assault with a misdemeanor assault as its primary crime, thus the statute of limitations is two years.

In other words, if the Court finds there is a conflict between Article 12.01(7) and Article 12.03(d), the *in pari materia* doctrine and the Code Construction Act in TEX. GOV'T CODE § 311.026(b) are applied and Article 12.03(d) is given deference. *See* TEX. CODE CRIM. PROC. art. 12.01, TEX. CODE CRIM. PROC. art. 12.03(d), TEX. GOV'T CODE § 311.026(b), *Vasilas*, 253 S.W.3d at 271, *Bennett*, 415 S.W.3d at 884 (Cochran, J., concurring) (citing DIX & SCHMOLESKY, 40 TEX. PRAC. CRIMINAL PRACTICE AND PROCEDURE § 6:29 (3d ed. 2011)).

> The purpose of the *in pari materia* doctrine is to
>
> carry out the full legislative intent, by giving effect to all laws and provisions bearing on the same subject. The rule [is based on the idea] that several statutes relating to one subject are governed by one spirit and policy, and are intended to be consistent and harmonious when one statute deals with a subject in comprehensive terms and another [statute] deals with a portion of the same subject in a more definite way.

*Vasilas*, 253 S.W.3d at 272. The *in pari materia* doctrine requires that when "a general statute and a more detailed enactment are in conflict, the latter will prevail, regardless of whether it was passed prior or subsequently to the general statute." TEX. GOV'T CODE § 311.026(b); *Vasilas*, 253 S.W.3d at 272; *see also* 40 TEX. PRAC. CRIMINAL PRACTICE AND PROCEDURE § 6:29 (3d ed. 2011).

Article 12.03(d) is the more specific statute given that it deals with the statute of limitations of only those felonies that are aggravated offenses. *Schunior*, 467 S.W.3d at 87. In contrast, Article 12.01(7) deals with all the other felonies

36

that are not enumerated or that are not provided for in Article 12.03(d). *See id.*

Therefore, because Article 12.03(d) specifically addresses aggravated offenses and

therefore should be given deference and read as the governing statute applied in the

instant case to determine aggravated assault has a two-year statute of limitations

when its primary crime is a misdemeanor assault. *See* TEX. CODE CRIM. PROC. art.

12.03(d).

## D. A TWO-YEAR STATUTE OF LIMITATIONS IS MANDATED BY THE STATUTE AND IS NOT ABSURD

The State argues that a two-year statute of limitations for an aggravated

assault is an absurd result, since statutes of limitations are generally based on the

severity of the crime. (State's Brief at 35). Although this is true in some instances,

it is often not true. For example, robbery is a felony of the second degree, while

aggravated robbery is a felony of the first degree; kidnapping is a felony of the

second degree, while aggravated kidnapping is a felony of the first degree;

nonetheless, these are all violent crimes that have a five-year limitations period,

whether the offense is aggravated or not. TEX. CODE CRIM. PROC. art. 12.01(4)(A)-

(B); TEX. PENAL CODE §§ 29.02, 29.03, 20.03, 20.04. Contrast this to credit card

abuse, a state jail felony, with a seven-year statute of limitations. TEX. CODE CRIM.

PROC. art. 12.01(3)(F); TEX. PENAL CODE § 32.31. False statement to obtain

property, sometimes a state jail felony, has a seven-year statute of limitations.

TEX. CODE CRIM. PROC. art. 12.01(3)(D), TEX. PENAL CODE § 32.32. Forgery,

37

sometimes a state jail felony, has a ten-year statute of limitations.  TEX. CODE CRIM. PROC. art. 12.01(2)(C), TEX. PENAL CODE § 32.21.  There are various other examples that show that the legislature considers numerous factors and circumstances in deciding what a given statute of limitations will be.  The State's absurd result argument is baseless when we consider the entirety of Chapter 12, and the different statutes of limitations assigned to different crimes seemingly without rhyme or reason.

**E.  A TWO-YEAR STATUTE OF LIMITATIONS PROTECTS THE PEOPLE AND IS MANDATED BY THE PRESUMPTION THAT STATUTES OF LIMITATIONS ARE TO BE CONSTRUED IN FAVOR OF THE DEFENDANT**

A two-year statute of limitation is not an "unjustifiable burden" and is not a "prosecutor's dilemma," as the State argues (State's Brief at 39).  All crimes must be given some statute of limitations.  The State made no record at the trial court as to why the prosecutors needed more than two years to secure an indictment in this case nor why the prosecution would need more than two years to indict an aggravated assault in the typical case.  This Court need not speculate.  Regardless of the limitation period, whether, two years or three years, prosecutors will miss deadlines to indict.

## IV. TEXAS COURT OF CRIMINAL APPEALS

### A. UNSETTLED LAW

The State argues in their brief that the Court's prior dictum opinions agree that the statute of limitations for aggravated assault is three years. (State's Brief at 20–27). This statement is inaccurate: the *Bennett* Court cited its three prior cases (not two cases, as the State represented in their brief). The State conveniently ignores this Court's opinion in *Matthews*, in the this Court considered Article 12.01 and Article 12.03 in stating that aggravated perjury has a two-year statute of limitations by virtue of its primary crime being a misdemeanor. *Ex parte Matthews*, 933 S.W.2d at 136. As explained below, the three cases cited by the *Bennett* Court contradict each other, hence *Bennett*'s opinion that the law on the statute of limitations for aggravated assault is unsettled.

### 1. *State v. Bennett*, 415 S.W.3d 867 (Tex. Crim. App. 2013)

In 2013, this Court held in *Bennett* that the law on the issue of the statute of limitations on aggravated assault with a misdemeanor assault as the primary crime is unsettled. *Bennett*, 415 S.W.3d at 869. In holding so, the Bennett Court examined three of its own cases: 1) *Hunter v. State*, 576 S.W.2d 395 (Tex. Crim. App. 1979); 2) *Ex parte* Salas, 724 S.W.2d 67 (Tex. Crim. App. 1987); and 3) *Ex parte Matthews*, 933 S.W.2d 134 (Tex. Crim. App. 1996). *Id.*

In *Bennett*, Presiding Justice Keller concluded in her concurring opinion that the statute of limitations for aggravated assault is two years when its primary crime is misdemeanor assault. *Bennett*, 415 S.W.3d at 870 (Keller, P.J., concurring). Judge Keller's opinion presents a thorough analysis of the statutes at issue, previous *dicta* by the Court, and legislative history, and states: "The conclusion demanded by both legislative history and logic is that Article 12.03(d) control, and the limitation period for the aggravated-assault offense . . . [is] two years." *Id.* at 870–878 (Keller, P.J., concurring).

Articles 12.01 and 12.03 must be construed in accordance with the plain meaning of their language unless their language is ambiguous or the result is absurd. *Id.* at 872. In doing so, we presume the legislature intended the statutory scheme to be effective in its entirety. *Id.* (citing *Bays*, 396 S.W.3d at 584).

Article 12.03 reads, "[e]xcept as otherwise provided in chapter 12." Tᴇx. Cᴏᴅᴇ Cʀɪᴍ. Pʀᴏᴄ. art. 12.03(d). Article 12.01 begins by stating that "[e]xcept as provided in Article 12.03 . . . " Tᴇx. Cᴏᴅᴇ Cʀɪᴍ. Pʀᴏᴄ. art. 12.01. Articles 12.01 and 12.03 appear to be in conflict with regards to Article 12.01's three-year "catch-all" provision. *Bennett*, 415 S.W.3d at 872 (Keller, P.J., concurring). Nonetheless, there is no conflict at all. *Id.* The felony catch-all provision of Article 12.01(7) "applies to unlisted felonies unless the felony is covered by the provisions of Article 12.03." *Bennett*, 415 S.W.3d at 872 (Keller, P.J., concurring). The

language in the statutes denotes "that the provisions of Article 12.03 trump any provisions found in Article 12.01." *Id.* Thus, Article 12.03 controls aggravated offenses that are not enumerated in Article 12.01. Aggravated assault is an "aggravated" offense not enumerated in Article 12.01, thus Article 12.03(d) controls and the statute of limitations is two years because the primary offense is misdemeanor assault in this case. *See id.*

Had the legislature intended that aggravated assault not be included in the application of Article 12.03(d), dealing with aggravated offenses, the legislature would have specifically exempted it from the statute. *Id.* at 878. Alternatively, the legislature could have changed the name of the offense from aggravated assault to "felony assault," for example. *Id.* Further, the legislature could have specifically enumerated aggravated assault in Article 12.01. *Id.* But, the legislature has taken neither of these steps. *Id.*

An example of the application of Article 12.03(d)'s provision is robbery and aggravated robbery. Robbery, as specified in TEX. CODE CRIM. PROC. art. 12.01(4)(A), has a five-year statute of limitations. *Bennett*, 415 S.W.3d at 874 (Keller, P.J., concurring). Aggravated robbery is not enumerated in Article 12.01; thus, aggravated robbery has a five-year statute of limitations by virtue of applying Article 12.03(d), dealing with aggravated offenses, and applying the statute of limitations of its primary crime, robbery. *Id.* Note, that the three-year felony

41

catch-all provision of 12.01(7) does not apply to aggravated robbery just because aggravated robbery is not enumerated in Article 12.01(1)-(6). Rather, the aggravated offenses provision of Article 12.03(d) controls. *Id.* In the same fashion, Article 12.03(d) controls the statute of limitations for aggravated assault. It mandates that aggravated assault have the same statute of limitations that its primary crime carries. Therefore, aggravated assault carries a two-year statute of limitations when its primary crime is a misdemeanor assault.

Judge Price wrote a separate dissenting opinion. *Bennett*, 415 S.W.3d at 879–81 (Tex. Crim. App. 2013) (Price, J., dissenting). Judge Price concurred with Judge Keller's analysis and conclusion that based on Article 12.03(d), aggravated assault has a two-year statute of limitations when its primary crime is a misdemeanor assault. *Id.* at 879. Judge Price's dissent is premised on the belief that trial counsel in *Bennett*, was ineffective and that pursuant to the Sixth Amendment, a defendant is guaranteed counsel who is familiar with the law applicable to defendant's case. *Id*. at 879–80. Judge Price highlights the fact that the statutory language plainly yields a two-year statute of limitations for aggravated assault with a misdemeanor primary crime. *Id.* at 879.

## 2. *Ex parte Matthews*, 933 S.W.2d 134 (Tex. Crim. App. 1996) (en banc)

This Honorable Court addressed, albeit *in dicta*, the issue of the statute of limitations of a non-enumerated aggravated offense in *Ex parte Matthews*. In *Ex*

*parte Matthews*, 9 years after *Ex parte Salas* and 17 years after *Hunter*, the Court's issue was whether the defendant's absence from the State tolled the statute of limitations. *Ex parte Matthews*, 933 S.W.2d at 134. The *Matthews* Court stated, *in dicta*, that the statute of limitations for aggravated perjury is two years. *Id.* at 136. The Court noted that the statutes of limitations are prescribed in Articles 12.01, 12.02, and 12.03. *Id.* The Court then explained that in the case of aggravated perjury, the statute of limitations is two years pursuant to Article 12.03(d), because it carries the same statute of limitations as its primary crime, which is misdemeanor perjury. *Id.*

### 3. *Ex parte* Salas, 724 S.W.2d 67 (Tex. Crim. App. 1987) (en banc)

In 1987, *Ex parte Salas* was presented before the Court; the Court addressed the issue of whether there was evidence that the defendant's first prior felony conviction was final before the commission of the second felony conviction, subjecting defendant to the habitual-offender provision. *Ex parte Salas*, 724 S.W.2d at 67. The Court noted *in dicta* that the statute of limitations for aggravated assault is three years. *Id.* at 68. Although the Court cited both Articles 12.01 and 12.03, the Court provided no explanation or reasoning behind its *dictum* statement. *Id.*; *Bennett*, 415 S.W.3d at 871 (Keller, P.J., concurring).

**4.** *Hunter v. State*, **576 S.W.2d 395 (Tex. Crim. App. 1979)**

In 1979, the issue before the Court was whether the disjunctive language in the indictment would render said instrument defective. *Hunter*, 724 S.W.2d at 395. The statute of limitations for aggravated assault was not an issue before the Court; the Court simply noted in passing that the State had three years from the date of the alleged commission of the offense to prove it. *Id.* at 399. This statement is *dictum* and the Court presented no explanation and no citation to either of the statutes at issue here, Articles 12.01 and 12.03; the issue was simply not before the Court. *Bennett*, 415 S.W.3d at 869.

**5.** *Ex parte County*, **601 S.W.2d 357 (Tex. Crim. App. 1980)**

As mentioned above, this case addressed the application of Article 12.03(d) as it relates to the non-enumerated offense of aggravated robbery. *Ex parte County*, 601 S.W.2d 357. In *Ex parte County*, the court held that the defendant's conviction for aggravated robbery be set aside and the indictment dismissed. *Id.* The court reasoned that pursuant to the harmonious application of Article 12.01(4)(A)—statute of limitations for robbery, the primary crime—and Article 12.03(d) prescribing the statute of limitations for aggravated offenses not provided for in chapter 12, the statute of limitations is 5 years.[1] *Id.* Therefore, the Court

---

[1] At the time of *Ex parte County*, the statute of limitations for robbery was listed under Article 12.01(3)(A); thus Ex parte County cites it as such.

applied Article 12.03(d) to aggravated robbery, not the felony catch-all provision of Article 12.01(7).

*Ex parte County* is an illustration of how Article 12.01 and Article 12.03(d) are not in conflict with each other. The statutory language of both articles is given full effect by reading both articles harmoniously and as complementary of each other. Consequently, article 12.03(d) is applicable to aggravated assault, a not enumerated aggravated offense—just like aggravated robbery—and the statute of limitations of the primary crime for aggravated assault dictates the statute of limitation for the offense of aggravated assault itself.

## V. COURTS OF APPEALS' HOLDINGS YIELD A TWO-YEAR STATUTE OF LIMITATIONS WHEN AGGRAVATED ASSAULT HAS A MISDEMEANOR ASSAULT AS THE PRIMARY CRIME

### A. FIRST DISTRICT COURT OF APPEALS OF TEXAS, HOUSTON

**1. *Ex parte Tamez*, 4 S.W.3d 854 (Tex. App.—Houston [1st Dist.] 1999), *aff'd*, 38 S.W.3d 159 (Tex. Crim. App. 2001)**

In *Ex parte Tamez*, the court held that the statute of limitations for aggravated assault is two years because its primary crime is misdemeanor perjury. *Ex parte Tamez*, 4 S.W.3d 854, 856 (Tex. App.—Houston [1st Dist.] 1999), *aff'd*, 38 S.W.3d 159 (Tex. Crim. App. 2001).

**2.** ***State v. Coleman*, 962 S.W.2d 267 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd)**

In *Coleman*, the Court held that the statute of limitations for aggravated perjury is two years pursuant to Article 12.03(d) because its primary crime is misdemeanor perjury. *Coleman*, 962 S.W.2d at 268. The Court clearly stated that, "although the statute of limitations for the felony offense of aggravated perjury is inconsistent with that of most other felonies, nonetheless, article 12.03(d) unambiguously means what it says. We do not believe, as the State argues, that the result is absurd." *Id.*

**B.  FOURTH COURT OF APPEALS OF TEXAS, SAN ANTONIO**

**1.** ***State v. Schunior*, 467 S.W.3d 79 (Tex. App.—San Antonio 2015, pet. granted)**

This is the case on appeal before this Court. Schunior was charged with aggravated assault with the primary crime of misdemeanor assault more than two years after the alleged commission of the offense. *Schunior*, 467 S.W.3d at 80. The court held that pursuant to the harmonious reading of Articles 12.01 and 12.03(d), the statute of limitations for aggravated assault is controlled by Article 12.03(d) and is therefore the same limitations period for its primary crime; in this case, the limitations period for aggravated assault is two years because the primary crime is misdemeanor assault.

**2.** *Ex parte Zain*, **940 S.W.2d 253 (Tex. App.—San Antonio 1997, no pet.)**

The Fourth Court of Appeals addressed the issue of aggravated offenses in *Ex parte Zain*, 940 S.W.2d 253 (Tex. App.—San Antonio 1997, no pet.). In *Ex parte Zain*, the Court found that an aggravated offense carries the same statute of limitations as the primary crime; thus, the Court held, as a matter of law, that aggravated perjury has a two-year statute of limitations, the same as perjury. *Id.* at 253. In reaching its conclusion, the Court discussed Article 12.03(d) of the Code of Criminal Procedure, relating to aggravated offenses: " . . . any offense that bears the title 'aggravated' shall carry the same limitation period as the primary crime." *Id.* at 254.

**C. SEVENTH COURT OF APPEALS OF TEXAS, AMARILLO**

**1.** *Moore v. State*, **No. 07-10-00369-CR, 2012 WL 3100904 (Tex. App.— Amarillo Jul. 21, 2012, no pet.) (mem. op., not designated for publication)**

Appellant Moore was charged with aggravated assault with misdemeanor assault as the primary crime. *Moore*, 2012 WL 3100904 at *1. The court addressed the statute of limitations for aggravated assault, albeit *in dicta*, stating that the "limitations period for . . . aggravated assault is two years." *Moore*, 2012 WL 3100904 at *1 (citing Article 12.03(d)).

## D. TWELFTH COURT OF APPEALS OF TEXAS, TYLER

### 1. *Fantich v. State*, 420 S.W.3d 287 (Tex. App.—Tyler 2013, no pet.)

In *Fantich*, the court addressed the statute of limitations for aggravated assault and held that the statute of limitations for aggravated assault is two years when its primary crime is a misdemeanor assault. *Id.* at 291.

### 2. *Compton v. State*, 202 S.W.3d 416 (Tex. App.—Tyler 2006, no pet.)

The Tyler Court of Appeals dealt with the same issue in the context of whether a defendant received ineffective assistance of counsel, when counsel did not file a motion to set aside the indictment alleging the indictment was filed outside the two-year statute of limitations for aggravated perjury.

The Tyler Court of Appeals found the statute of limitations for aggravated perjury is two years and the failure of counsel to move to quash the indictment was "sufficiently egregious and harmful" to warrant a finding of ineffective assistance of counsel. *Id.* at 421–22.

## VI. CONCLUSION

Summarizing, in determining the statute of limitations for aggravated offenses, Article 12.03(d) is applied to aggravated offenses not specifically enumerated in Article 12.01, or anywhere in chapter 12. Thus, aggravated assault carries a two-year statute of limitations when its primary crime is misdemeanor assault.

The harmonious reading of the plain language of Chapter 12 makes it clear that Article 12.01 gives deference to Article 12.03 as to aggravated offenses not enumerated in Article 12.01. The felony catch-all provision of Article 12.01(7) applies to those felonies not enumerated in 12.01 *and* not provided for in Article 12.03; in turn, Article 12.03(d) applies to aggravated offenses that are not provided for in Chapter 12, specifically, in Article 12.01.

The analysis of the statutory language begins with the premise that a statute of limitations is to be construed liberally in favor of the defendant. The purpose of the statute of limitations is to safeguard the defendant from prosecution, to limit prosecution to a specific fixed period of time, and to minimize the danger of punishment. Further, statutory construction is based on the presumption that the legislature meant what it said. It is beyond the province of any court to alter the application of a statute to what a court believes is the preferred result.

The State has not cited in their brief a single case from any court of appeals that has held that the statute of limitations for any aggravated offense not specifically enumerated in Article 12.01, including aggravated assault, is determined by the felony catch-all provision of Article 12.01(7) instead of Article 12.03(d)'s provision, which specifically provides for the statute of limitations for aggravated offenses.

The plain language analysis resolves the apparent conflict between Article 12.01 and Article 12.03: The inevitable conclusion is that the statutory language is not ambiguous and it can be harmoniously applied giving effect to every single word in both statutes.

Nonetheless, were the Court to disagree with the plain language analysis, the law provides, as briefed above, that all and every alternative methods of statutory constructions yield the same result: Article 12.03(d) controls the statute of limitations for aggravated assault. Whether the Court implements the plain language analysis, the *in pari materia doctrine* (Government Code), the *Colyandro*'s legislative ratification theory, legislative intent, or any other canon of construction, the result is inevitably the same: Article 12.03(d) controls the statute of limitations for aggravated assault, yielding a two-year statute of limitations for aggravated assault with a misdemeanor assault as its primary crime.

Further, a plain reading of Article 12.03 makes it clear that the phrase "the primary crime" is not interchangeable with neither (1) the "lesser-included offense" with the longest statute of limitations, nor (2) the "most serious offense." The primary crime of a charged aggravated assault is the charged assault in the indictment and as defined in sections 22.01 and 22.02 of the Penal Code.

Invariably, the statute of limitations for aggravated assault in this case is two years because its primary crime is a misdemeanor assault; the indictment is defective in substance, and requires dismissal with prejudice.

## VII.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellee Schunior respectfully prays this Honorable Court to affirm the decision of the Fourth Court of Appeals.

Respectfully submitted,

**BALLI LAW OFFICE**
P.O. Box 1058
Laredo, Texas 78042-1058
Tel: (956) 712-4999
Fax: (956) 724-5830

By: /s/ Claudia V. Balli
CLAUDIA V. BALLI
SBN: 24073773

By: /s/ Roberto Balli
ROBERTO BALLI
SBN: 00795235

Attorneys for Victor Manuel Schunior, Jr.

51

**CERTIFICATE OF COMPLIANCE**

By affixing my signature below, I hereby certify that the foregoing brief complies with Rule 9.4, Texas Rules of Appellate Procedure, as amended, and that the word count, less exempt sections, is 11,4777.

/s/ Claudia V. Balli
CLAUDIA V. BALLI

**CERTIFICATE OF SERVICE**

By affixing my signature below, I hereby certify that on December 10, 2015, the following have been completed:

1) A true and correct copy of the foregoing document was electronically filed with the Clerk of the Court of the Texas Court of Criminal Appeals, in accordance with Tex. R. App. P. 68.3 as adopted by the Court of Criminal Appeals and hard copies will be accordingly;

2) A true and correct copy of the foregoing document was served on David Reuthinger, Jr., Attorney for the State, via email at dreuthinger@webbcountytx.gov.

/s/ Claudia V. Balli
CLAUDIA V. BALLI